[No. 5916-9-II.   Division Two.   May 30, 1984.]

GRANGE INSURANCE ASSOCIATION, *Appellant,* v. GEORGE A. MACKENZIE, ET AL, *Respondents.*

*William J. Madden,* for appellant.

*Jon Parker* and *Douglas B. Bitar,* for respondents.

WORSWICK, J.—On July 26, 1980, George MacKenzie collided with Stanley Sermonti's motorcycle while driving his brother James' car. Sermonti was killed. George's insurer, Grange Insurance Association, appealing an adverse summary judgment in its declaratory judgment action, asks us to hold that coverage was excluded by its "use of other automobiles" clause. That clause was contained in a policy covering two vehicles owned by George. It provided:

> (d) This insuring agreement does not apply:
>   (1) To any [other] automobile owned by or furnished for regular or frequent use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such insured or spouse.

The trial court found the clause ambiguous and resolved the ambiguity in favor of extending coverage to George. We reverse.

At the outset, we reiterate three familiar rules: (1) ambiguities in an insurance contract will be resolved against the insurer, *Continental Ins. Co. v. Paccar, Inc.,* 96 Wn.2d 160, 634 P.2d 291 (1981); (2) where there is no ambiguity, a court need not and will not construe the policy, *West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,*

80 Wn.2d 38, 491 P.2d 641 (1971); *Greer v. Northwest Nat'l Ins. Co.,* 36 Wn. App. 330, 674 P.2d 1257 (1984); and (3) language in the contract must be understood in its plain, ordinary, popular sense as it would be understood by the average person purchasing insurance. *Shotwell v. Transamerica Title Ins. Co.,* 91 Wn.2d 161, 588 P.2d 208 (1978). When examined in accordance with these principles, the clause plainly excludes coverage.

The language is not ambiguous; it is as plain and "popular" as insurance language can be, and there is no need to construe it. First, it tells the insured that, if he uses an automobile not listed in the policy, he will not be covered *if his use is frequent.* It also tells him that he will not be covered *if his use is regular, whether or not it is frequent.* Second, it tells the insured that if he uses an automobile not listed in the policy which is owned by another member of the household, he will not be covered under any conditions. It is undisputed that George and James were members of the same household.

The trial judge apparently believed—and respondents argue—that *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 517 P.2d 966 (1974) compels a different result. We disagree.

*Dairyland* did hold a similar clause ambiguous. However, the majority opinion is less than clear in identifying the ambiguity and we are hard put to see it. We think the majority probably concluded that the term "regular use" in the *Dairyland* clause was ambiguous when considered in light of the facts of the case, which involved only a single use, inasmuch as the word "regular," when used alone, can mean *frequent,* or it can mean *systematic, even though infrequent. See Webster's Third New International Dictionary* (1969). Grange's clause eliminates any such ambiguity by modifying "use" by both "regular" and "frequent," set out in the disjunctive.

The trial court here made passing reference in its memorandum opinion to the "member of the household" language which is the same in the Grange clause as it was in the *Dairyland* clause. The trial judge appears to admit

some confusion over the treatment of that language in *Dairyland.* We fully share this confusion, because that language would have excluded coverage in *Dairyland,* as it does here, regardless of the nature of the use. Having studied *Dairyland* carefully, we can only conclude that the majority simply ignored that language because it felt constrained to extend coverage for policy reasons which we do not fully comprehend but are satisfied do not apply here.[1]

We see no policy reasons for avoiding the application of the clause here as written. Such clauses are recognized as serving the legitimate purpose of preventing an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy, while at the same time providing coverage to the insured when engaged in the casual and infrequent use of nonowned vehicles. *Dairyland Ins. Co. v. Ward,* 83 Wn.2d at 357, 359; *Rocky Mt. Fire & Cas. Co. v. Goetz,* 30 Wn. App. 185, 633 P.2d 109 (1981); *Westhaver v. Hawaiian Ins. & Guar. Co.,* 15 Wn. App. 406, 549 P.2d 507 (1976). Broad exclusions of coverage are permissible when the nature of the insurer's risk is altered by factors not contemplated in the computation of premiums, and when the exclusion is spelled out for the policyholder in clear and unmistakable language. *Kelly v. Aetna Cas. & Sur. Co.,* 100 Wn.2d 401, 408, 670 P.2d 267 (1983). These policy considerations are satisfied in this case. The holding in *Dairyland,* as we read it, is limited to the specific clause and circumstances involved in that case.

---

[1]It is inconceivable to us that the Supreme Court intended to nullify the member of the household language. Such a result would be untenable and against the great weight of authority. *See, e.g., Farber v. Great Am. Ins. Co.,* 406 F.2d 1228 (7th Cir. 1969); *Hamilton v. Maryland Cas. Co.,* 368 F.2d 768 (5th Cir. 1966); *Alabama Farm Bur. Mut. Cas. Ins. Co. v. Preston,* 287 Ala. 493, 253 So. 2d 4 (1971); *Southern Farm Bur. Cas. Ins. Co. v. Williams,* 260 Ark. 659, 543 S.W.2d 467 (1976); *Ransom v. Fidelity & Cas. Co.,* 250 N.C. 60, 108 S.E.2d 22 (1959); *Carr v. Home Indem. Co.,* 404 Pa. 27, 170 A.2d 588 (1961); *Lecus v. American Mut. Ins. Co.,* 81 Wis. 2d 183, 260 N.W.2d 241 (1977).

If George and James were not members of the same household, summary judgment would have been inappropriate because this record discloses unresolved factual questions as to whether George's use of James' car was either regular or frequent. If either, there would be no coverage; if neither, there would be. The trial court held as a matter of law that George's use was not "regular." The frequency issue was not considered.

Both sides relied on George's deposition as the factual basis for their respective motions for summary judgment. It appeared without dispute from the deposition that James, who suffered from Parkinson's disease, lived with George, could not drive, and had no driver's license. James bought the car after he was no longer able to drive, and George was the only driver and was listed on James' insurance policy as the primary driver. On the critical question of how often George drove it, however, the deposition is contradictory. George admitted to driving it 4 to 6 times a month. He also admitted to giving a statement in which he indicated 12 to 15 times a month, although in the deposition he claimed this was a mistake. The deposition is also equivocal as to how many times George drove James' car in comparison to use of his own two cars. Moreover, the deposition testimony raises a serious question as to whether George considered himself in control of James' car. In view of all this, it can hardly be said that there is no genuine issue of material fact. *See Olympic Fish Prods., Inc. v. Lloyd,* 93 Wn.2d 596, 611 P.2d 737 (1980); *Goodpaster v. Pfizer, Inc.,* 35 Wn. App. 199, 665 P.2d 414 (1983). The critical factual issues of regularity of use and frequency of use could only be resolved by trial. *Cf. Hays v. Lake,* 36 Wn. App. 827, 677 P.2d 792 (1984).

However, in view of the undisputed fact that George and James are members of the same household, the "member of the household" language clearly excludes coverage.

Reversed. Remanded with instructions to grant summary judgment in favor of Grange.

PETRICH, C.J., and REED, J., concur.

Reconsideration denied June 26, 1984.

Review granted by Supreme Court September 7, 1984.