[No. 13242-3-I.   Division One.   January 6, 1986.]

DAVID BROWN, ET AL, *Appellants,* v. UNITED PACIFIC INSURANCE COMPANY, *Respondent.*

*Gregory Harris* and *Barokas & Martin,* for appellants.

*Peter Balch, William P. Fite,* and *Betts, Patterson & Mines,* for respondent.

WEBSTER, J.—Plaintiffs David and Nora Brown appeal a summary judgment dismissing their claim against defendant United Pacific Insurance Company. Nora Brown was driving an automobile not insured by the defendant when she and her husband were injured in an accident. The sole issue here is whether the Browns are entitled to underinsured motorist coverage under David Brown's policy with United Pacific, despite an exclusion for injuries incurred "[w]hile operating, or occupying any motor vehicle owned by or available for the regular use of you or any family member which is not insured for Liability coverage under this policy."

## FACTS

At the time of the accident, the Browns had been married 2 years. Nora had registered a 1973 Opel station wagon in her name and insured it with Pemco Insurance Company. David had insured two other vehicles under his own policy with United Pacific. On August 16, 1981, Nora was driving the Opel and David was a passenger when they were both injured in an accident with another automobile. As the other driver was clearly at fault, David and Nora each recovered the maximum $25,000 from the other driver's insurer. They also received the maximum underinsured motorist coverage available to them under Nora's Pemco policy. Claiming that their damages exceed their recovery under the two policies, the Browns now seek underinsured

motorist coverage from United Pacific. United Pacific has refused to pay the Brown's claim, relying upon the following exclusion in the policy.

A. We do not provide Underinsured Motorists coverage for bodily injury sustained by any person:
1. While operating, or occupying any motor vehicle owned by or available for the regular use of you or any family member which is not insured for Liability coverage under this policy.

### AMBIGUITY

The Browns argue that the exclusionary clause is ambiguous. Where a clause in an insurance policy is ambiguous, the court must construe it in favor of the insured regardless of the insurer's intention. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 484, 687 P.2d 1139 (1984).

■ The exclusion in question is unambiguous, especially as applied to the Browns. There is no question that the Opel was a motor vehicle owned by and available for the regular use of "you or any family member." Under the policy, "'you' and 'your' refer to the 'named insured' shown in the Declarations and the spouse if a resident of the same household." The definition of "family member" also includes a spouse who is a member of the same household. Thus, even if Nora was the sole driver of the Opel, the exclusion clearly applies.

The Browns rely on *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 517 P.2d 966 (1974), where a similar clause limiting liability coverage was held ambiguous. In *Ward,* the insured borrowed his father's pickup truck and became involved in an accident. The court found the exclusion for "any automobile owned by or furnished for regular use to either the named insured or a member of the same household" ambiguous because it was not clearly labeled as an exclusion, and because the average policyholder would not reasonably believe his insurance to preclude coverage under the facts of that case. 83 Wn.2d at 356. The son lived at home, had his own automobile and policy, and rarely drove his father's truck, which was uninsured.

The *Ward* decision has been criticized for ignoring the "member of the same household" contract language in order to extend coverage for policy reasons. *Grange Ins. Ass'n v. MacKenzie,* 37 Wn. App. 703, 683 P.2d 221 (1984), *aff'd,* 103 Wn.2d 708, 694 P.2d 1087 (1985). Neither the facts nor the policy reasons of *Ward* are applicable to the instant case. Here, the Opel was owned by the named insured's spouse—"you" under the policy—and was used regularly by her. Thus it was not the type of isolated use at issue in *Ward. See Grange Ins. Ass'n v. MacKenzie,* 103 Wn.2d 708, 694 P.2d 1087 (1985). In addition, here the exclusion was clearly set out in the policy as an exclusion to underinsured motorist coverage. The average policyholder would not reasonably believe his insurance to include coverage under these facts.

## PUBLIC POLICY

Since the exclusion is not ambiguous, it must be enforced unless against public policy. *Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 80, 683 P.2d 180 (1984). As the clause tracks the language of RCW 48.22.030,[1] it can only be against public policy if the statute is as well.

The general rule is that if exclusions are spelled out in clear and unmistakable language, and if the nature of the insurer's risk is altered by factors not contemplated in the computation of the premiums, they are permissible. *Abbott v. General Accident Group,* 39 Wn. App. 263, 268, 693 P.2d 130 (1984). In *Abbott,* the court upheld an exclusion identical to the one at bar as applied to an insured injured in an accident with an uninsured motorist. The plaintiff in that case was driving his employer's tractor, as he regularly did on the job. The court found the exclusion was not ambiguous under those facts and that the insurer's risk was

---

[1]RCW 48.22.030(2) provides for mandatory underinsured motorist coverage "except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy."

increased by the insured's regular use of his employer's vehicle. Here, it also seems reasonable to conclude that most likely the availability of an additional vehicle increased the risk to United Pacific. The plaintiffs have not alleged facts to demonstrate otherwise, and the burden is upon them to show the statute's invalidity. *Abbott v. General Accident Group, supra.*

The Browns argue under *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 643 P.2d 441 (1982) that public policy is to assure protection to the innocent victims of automobile accidents. *Wiscomb* involved a liability exclusion for injury to the insured or any family member; the exclusion was not based upon a statute, nor did the court construe the statute here in question. While the legislative policy of the statute is to protect innocent victims of uninsured drivers, not vehicles, the regular use exclusion in no way affects the broad and beneficial purpose of the statute. *Abbott v. General Accident Group, supra* at 268. The purpose of such an exclusion is to prevent an insured from receiving coverage on another household car by merely purchasing a single policy, but to provide coverage to the insured for infrequent use of nonowned vehicles. *Grange Ins. Ass'n v. MacKenzie, supra* at 712. RCW 48.22.030 thus incorporates more than one public policy. Such compromises are frequently the result of the legislative process.

Furthermore, even if paramount public policy is to protect innocent victims of motor vehicle accidents, public policy and RCW 48.22.030 do not require dual recovery. *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 665 P.2d 891 (1983). The facts here are unlike those in *Wiscomb,* where innocent family members, including children, were denied any recovery and could not have contracted for coverage had they wanted to. Here, both David and Nora Brown have recovered a portion of their damages under two policies and could have included Nora's Opel under the United Pacific policy at any time prior to the accident.

Affirmed.

WILLIAMS, J., and PETRIE, J. Pro Tem., concur.