[No. 14053-1-I.   Division One.   June 2, 1986.]

DAVID M. ANDERSON, *Appellant,* v. AMERICAN ECONOMY INSURANCE COMPANY, *Respondent.*

*Richard L. Gemson* and *Daniel F. Sullivan & Associates*, for appellant.

*John Cooper,* for respondent.

SWANSON, J.—The stipulated facts of the case are as follows. On August 15, 1981, David M. Anderson suffered numerous injuries in a collision with an uninsured driver while he was driving a Volkswagen automobile owned by his wife. Anderson's wife's insurer, Grange Insurance, paid Anderson its policy limits of $25,000 in underinsured motorist benefits and $10,000 each for medical expenses and for lost wages. At the time of the accident, Anderson owned a BMW automobile which was insured under an American Economy Insurance Company policy, which provided $25,000 in underinsured motorist coverage. Anderson sought payment under this coverage for his injuries.

After American Economy refused, based upon policy exclusions, to pay Anderson underinsured motorist benefits under his own insurance policy, Anderson brought an action seeking a declaratory judgment that he was entitled to such coverage under his policy, damages for breach of contract, and treble damages and attorney fees for violation

of the Washington Consumer Protection Act, RCW 19.86.[1] Upon the parties' cross motions for summary judgment, the trial court granted summary judgment in American Economy's favor, and Anderson now appeals.

The issues presented in this appeal are (1) whether underinsured motorist coverage is excluded under Anderson's automobile insurance policy for injuries he suffered in the collision with the uninsured motorist while driving his wife's car, which was not insured under his policy, and (2) if not, whether the underinsured motorist endorsement's "other insurance" clause precluded underinsured motorist payments to Anderson where the highest applicable policy limit of such coverage had already been paid by his wife's insurer.

No material factual issue has been raised; thus the question is whether American Economy was entitled to a judgment as a matter of law. CR 56(c); *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

Anderson first argues that his wife's car, which he was driving at the time of the accident, was a "covered auto" under his insurance policy. A "covered auto" under Anderson's American Economy insurance policy is defined in part as

> Any auto . . . you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its breakdown, repair, servicing, loss or destruction.

Since the car that Anderson was driving at the time of the accident was owned by his wife and was used as a "temporary substitute" for his own car, which was covered under this insurance policy and was out of normal use on that day because of a dead battery, his wife's car was a "covered auto" at the time of the accident.

Nevertheless, even if Anderson's wife's car was otherwise

---

[1]The complaint's allegations of breach of the insurance contract and violation of the Washington Consumer Protection Act were not addressed in the parties' memorandums supporting their summary judgment motions.

a "covered auto" under Anderson's insurance policy, American Economy argues that underinsured motorist payments were excluded here under his policy's underinsured motorist endorsement. A basis for the denial of such payments, according to American Economy, is the following exclusionary clause in the endorsement:

A. We do not provide Underinsured Motorist Coverage for bodily injury sustained by any person:

1. While operating, or occupying, any motor vehicle owned by or available for the regular use of you or any family member which is not insured for Liability coverage under this policy.

*See* 12A G. Couch, *Insurance* § 45:978, at 640 (2d ed. 1981).

RCW 48.22.030(2)[2] expressly provides that the underinsured motorist coverage may exclude coverage while the insured is "operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy." *Brown v. United Pac. Ins. Co.*, 42 Wn. App. 503, 506 n.1, 711 P.2d 1105 (1986). The clause in Anderson's insurance policy, which is virtually identical in wording to the permissible statutory exclusion, excludes underinsured motorist benefits for bodily injuries suffered by a person while driving "any motor vehicle" that was not insured for liability coverage under the insurance policy and that (1) was owned by or was available for the regular use of "you" or (2) was owned by or was available for the regular use of a family member. *See Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 362, 517 P.2d 966 (1974) (Hamilton, J., dissenting).

Here the car that Anderson was driving at the time of the accident was owned by and was available for the regular use of his wife and was not insured under Anderson's automo-

---

[2]Although RCW 48.22.030 was amended in 1981, 1983, and 1985, the relevant portion of RCW 48.22.030(2) has not changed since its enactment in 1980. *See* Laws of 1980, ch. 117, § 1, p. 361; Laws of 1981, ch. 150, § 1, p. 717; Laws of 1983, ch. 182, § 1, p. 996; Laws of 1985, ch. 328, p. 1124. *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 524–25 & n.3, 707 P.2d 125 (1985).

bile insurance policy. At oral argument Anderson's counsel conceded that under the definitions of Anderson's insurance policy, the terms "you" and "your" include Anderson's wife. Thus the facts of this case place it squarely within the ambit of the exclusionary clause and our recent decision in *Brown v. United Pac. Ins. Co., supra* at 503.

The *Brown* court, in examining a "use of other automobiles" clause identical to that at issue here, found underinsured motorist coverage precluded by the husband's automobile insurance policy's exclusionary clause where the husband and wife were injured in an accident while in the wife's Opel, which was not insured under the husband's policy. The husband's insurance policy defined "you" and "your" to include the named insured and the spouse if a resident of the same household. The definition of a "family member" also included a spouse who was a member of the same household. The *Brown* court thus concluded that the exclusion applied even if the wife was the sole driver of the Opel. The same definitions are found in Anderson's insurance policy; thus the plain language of the exclusionary clause, which incorporates the policy's definitions, precludes underinsured motorist coverage here.

Anderson nonetheless argues that the exclusion does not apply because his wife's car was not available for his "regular use" so that under *Dairyland Ins. Co. v. Ward, supra* at 353, the exclusionary clause is ambiguous and must be construed against the insurer.[3] In *Ward,* a minor son who resided with his parents was driving his father's uninsured pickup truck when he was involved in an accident in which a pedestrian was fatally injured.[4] The *Ward* court found an

---

[3]The Washington Supreme Court subsequently found a clause identical to that in *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 517 P.2d 966 (1974) to be unambiguous and distinguished *Ward* on the basis of the different facts and policy considerations since the car in question was owned by a household member and, according to the Supreme Court, was used regularly by the insured as a matter of law. *Grange Ins. Ass'n v. MacKenzie,* 103 Wn.2d 708, 711–13, 694 P.2d 1087 (1985).

[4]At the time of the accident, the son had liability coverage from Dairyland

exclusionary clause[5] similar to that at issue here to be ambiguous because of its confusing structure and placement among the insurance contract's general coverage provisions rather than the policy's section captioned "Exclusions", and stated that it was "highly unlikely that a policyholder would, under the facts of the instant case, reasonably believe his insurance so circumscribed so as to preclude liability coverage"; the court thus construed the clause in favor of the insured. *Ward,* at 358–59. The *Ward* court found that the danger of the assumption of additional risks without an added premium contemplated by the exclusionary clause did not exist in that case since the son owned no other cars and his use of the pickup truck was infrequent, and stated that

> if an insurance carrier desires to exclude any coverage whatsoever as to automobiles owned by other members of the insured's household, this should be spelled out for the policyholder in clear and unmistakable language.

*Ward,* at 359.

The court in *Brown v. United Pac. Ins. Co., supra* at 506, distinguished *Ward* upon its different facts and policy considerations. We similarly find *Ward*'s ruling inapplicable to the instant case since Anderson's wife's car was owned by and was available for the regular use of the named insured's resident spouse, who was included in the policy's definitions of "you" and a "family member," so that the isolated use at issue in *Ward* is absent, as is any ambiguity as to whether the use here constituted "regular use."

---

Insurance Company for his own 4–door sedan, but the parents' liability coverage for the pickup truck that the son was driving had lapsed. *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 360–61, 517 P.2d 966 (1974) (Hamilton, J., dissenting).

[5]The "use of other automobiles" clause construed in *Dairyland Ins. Co. v. Ward, supra* at 355, stated:
"(b) This insuring agreement does not apply:
"(1) to any automobile owned by or furnished for regular use to either the named Insured or a member of the same household other than a private chauffeur or domestic servant of such named Insured or spouse;"

Further, the exclusionary clause, which essentially tracks the statutory language, lacks the confusing structure of the clause at issue in *Dairyland Ins. Co. v. Ward, supra* at 355, and, unlike in *Ward,* the clause is placed in a section of the underinsured motorist endorsement captioned "Exclusions", so that a policyholder would not reasonably believe that his underinsured motorist coverage included coverage under these facts.

The twofold purpose of the "use of other automobiles" clause is

> (1) to prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy, and (2) to provide coverage to the insured when engaged in the infrequent use of nonowned vehicles.

*Ward,* at 359, *quoted in Grange Ins. Ass'n v. MacKenzie,* 103 Wn.2d 708, 712, 694 P.2d 1087 (1985). Extending underinsured motorist coverage to Anderson's use of his wife's car in these circumstances would thwart one of the clause's purposes to prevent an insured from receiving coverage on another household car by merely purchasing a single policy.[6] *Dairyland Ins. Co. v. Ward, supra; Brown v. United Pac. Ins. Co., supra* at 507. While Anderson argues that American Economy assumed no additional risk without an increased premium since his wife had primary underinsured motorist coverage from a different company, he seeks underinsured motorist payments under his American Economy policy in addition to such payments from his wife's insurer. The danger of the assumption of additional risks without an added premium contemplated by the clause arguably exists here. *Grange Ins. Ass'n v. Mac-*

---

[6]We note that the relevant portion of RCW 48.22.030(2), which was enacted in 1980, Laws of 1980, ch. 117, § 1, p. 361, after *Dairyland Ins. Co. v. Ward, supra* at 353, was decided, authorizes a "use of other automobiles" clause like that at issue here. Thus the public policy embodied in the statute is to permit the denial of underinsured motorist coverage when the insured is operating or occupying a motor vehicle which is owned by or available for the regular use of a family member and is not insured under the policy. *See State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 481–82, 687 P.2d 1139 (1984).

*Kenzie, supra* at 713; *Brown v. United Pac. Ins. Co., supra* at 506–07; *see* 8C J. Appleman, *Insurance* § 5078.35, at 194 (1981).[7]

An exclusion is permissible if it is spelled out for the policyholder in clear and unmistakable language and the nature of the insurer's risk is altered by factors not contemplated in the premium computation. *Dairyland Ins. Co. v. Ward, supra* at 359; *Kelly v. Aetna Cas. & Sur. Co.,* 100 Wn.2d 401, 408, 670 P.2d 267 (1983); *Brown v. United Pac. Ins. Co., supra* at 506. We believe that these conditions have been met here so that the exclusionary clause operates to preclude coverage under these facts.

Even if the clause did not apply to exclude coverage under the facts of this case, however, we conclude that summary judgment in American Economy's favor was proper because of the policy's "other insurance" clause, which provides in part:

> If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

RCW 48.22.030(6) provides:

> The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages.

RCW 48.22.030(6) thus permits the limitation of recoverable underinsured motorist payments to the highest limit of

---

[7]8C J. Appleman, *Insurance* § 5078.35, at 194 (1981) states: "It seems not unreasonable . . . for an insurer which insists upon a separate premium payment for each vehicle owned by an insured which he wants to have covered to demand a like payment for each such vehicle in the household whose use will create an exposure to loss. Lacking such payment, the insurer may insert an exception to coverage resulting from the use of such vehicle owned by other members of the household."

any of the applicable policies. The "other insurance" clause in Anderson's underinsured motorist endorsement is unambiguous in limiting the underinsured motorist payments to the highest applicable policy amount; further, where a non-owned vehicle is involved, such payments would be made under Anderson's policy only in excess of the recoverable amount under the primary insurance policy. Here Anderson has already been paid by his wife's insurer the higher underinsured motorist coverage limit under either of the two applicable policies so that such payments are not recoverable under his own insurance policy.

American Economy was entitled to a judgment as a matter of law. *Hartley v. State,* 103 Wn.2d 768, 698 P.2d 77 (1985). The judgment below is affirmed.

WEBSTER, J., and HOLMAN, J. Pro Tem., concur.