[No. 32464-1-I. Division One. October 25, 1993.]

JAMES C. SCHELINSKI, *Respondent,* v. MIDWEST MUTUAL INSURANCE COMPANY, *Appellant.*

*Steven L. Thorsrud* and *Keating, Bucklin & McCormack P.S.*, for appellant.

*Richard C. Platte* and *Rusing & Platte*, for respondent.

SCHOLFIELD, J. — James Schelinski was allegedly injured in an automobile accident that occurred while he was driving an automobile owned by his wife. The issue on appeal is whether he is excluded from coverage under an insurance policy issued to him by appellant Midwest Mutual Insurance Company. Midwest appeals from entry of summary judgment in favor of Schelinski, and further appeals the denial of its motion for summary judgment. We reverse and enter summary judgment in favor of Midwest.

On February 23, 1991, James Schelinski and Susan Schelinski, husband and wife, were involved in an automobile accident. At the time of the accident, James and Susan were occupants of a Honda automobile owned by Susan. James was driving the car, and Susan was a passenger. James allegedly suffered injuries in the accident.

The driver of the other vehicle involved in the accident was insured through Safeco. Susan's Honda was insured through Farmers Insurance. James owned a van that was insured through Midwest.

James made a claim against his wife's carrier, Farmers Insurance, for personal injury protection (PIP) coverage. After exhausting the available coverage through Farmers, James made a PIP and underinsured motorist claim against Midwest. Midwest denied these claims, relying on policy exclusions.

James then brought suit against Midwest, seeking damages for negligence, bad faith/breach of contract, and violation of the Consumer Protection Act, RCW 19.86, and the Washington Administrative Code. In December 1992, James filed a motion for summary judgment on the issue of coverage. Midwest filed a countermotion for summary judgment, urging the trial court to dismiss James Schelinski's claims. The trial court granted James' motion and denied Midwest's motion. Both orders were entered as final judgments, and trial court proceedings were stayed pending this appeal.

Among the coverages Midwest provided to James Schelinski were PIP and underinsured motorist coverage. Below is

a list of "definitions" for terms used throughout the policy, the underinsured motorist section and exclusions, and the PIP section and exclusions:

### DEFINITIONS
A. Throughout this policy, "you" and "your" refer to:
 1. The "named insured" shown in the Declarations; and
 2. The spouse if a resident of the same household.

. . . .
F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. . . .
G. "Occupying" means in, upon, getting in, on, out or off.

. . . .
J. "Your covered auto" means:
 1. Any vehicle shown in the Declarations.

. . . .
### PART C — UNDERINSURED MOTORISTS COVERAGE
### INSURING AGREEMENT
A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of:
 1. "Bodily Injury" sustained by an "insured" and caused by an accident; and

. . . .
### EXCLUSIONS
A. We do not provide Underinsured Motorists Coverage for "property damage" or "bodily injury" sustained by any person:
 1. While operating, or "occupying," any motor vehicle owned by or available for the regular use of you or any "family member" which is not insured for Liability coverage under this policy. This includes a trailer of any type used with that vehicle.

. . . .
### PERSONAL INJURY PROTECTION
### ENDORSEMENT — WASHINGTON

. . . .
### PERSONAL INJURY PROTECTION
We will pay for loss and expenses incurred by an injured person because of bodily injury caused by an auto accident as follows:

. . . .
### EXCLUSIONS

. . . .
We will not pay you or any family member for injury received while occupying an auto you own which we do not insure for Personal Injury Protection.
We will not pay you or any family member for injury received while occupying an auto furnished for your regular use.

In this case, the only Schelinski vehicle insured by Midwest is James' Ford van.

## STANDARD OF REVIEW

 This court engages in the same inquiry as the trial court when reviewing a decision regarding summary judgment. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 730, 837 P.2d 1000 (1992). Interpretation of insurance policies is a question of law, and the policy is construed as a whole with the court giving force and effect to each clause in the policy. *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874, 854 P.2d 622 (1993). The language of insurance policies is interpreted in accordance with the way it would be understood by the average person, rather than in a technical sense. *Grice*, at 874.

██ ██ If policy language is clear and unambiguous, the court may not modify the contract or create an ambiguity. *Grice*, at 874. An ambiguity exists if the language is fairly susceptible to two different reasonable interpretations. *Grice*, at 874. Where a policy is ambiguous, the ambiguity is construed against the insurer. This rule applies with added force to exclusionary clauses which seek to limit policy coverage. *Grice*, at 875. Exclusions of coverage will not be extended beyond their " 'clear and unequivocal' " meaning. *Grice*, at 875.

## POLICY EXCLUSIONS

Midwest argues that the two exclusions applicable in this case — which it designates the "owned (but not designated) vehicle" exclusion and the "regular use" exclusion — are specifically permitted by statute in Washington. Brief of Appellant, at 12, 13. Midwest argues that the "owned (but not designated) vehicle" exclusion excludes Schelinski's claim for coverage because he was driving his wife's car which is not insured by Midwest. Midwest argues Schelinski is also excluded under the "regular use" exclusion because he and his wife regularly used his wife's car within the meaning of that exclusion.

RCW 48.22.030(2) expressly provides that underinsured motorist coverage may exclude coverage while the insured is "operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy."[1]

In *Brown v. United Pac. Ins. Co.*, 42 Wn. App. 503, 711 P.2d 1105 (1986), this court analyzed an exclusion quite similar to the ones in this case. In *Brown*, Nora Brown was driving an automobile not insured by defendant United Pacific when she and her husband, David Brown, were injured in an accident. The vehicle, a 1973 Opel station wagon, was registered in Nora's name and insured by PEMCO. David Brown had two other vehicles insured with United Pacific. The sole issue was whether the Browns were entitled to underinsured motorist coverage under David Brown's policy with United Pacific, despite an exclusion for injuries incurred "[w]hile operating, or occupying any motor vehicle owned by or available for the regular use of you or any family member which is not insured for Liability coverage under this policy". *Brown*, at 505.

The court affirmed the trial court ruling denying the Browns' coverage, and held that the exclusion was neither ambiguous nor contrary to public policy. *Brown*, at 506-08.

> There is no question that the Opel was a motor vehicle owned by and available for the regular use of "you or any family member." Under the policy, " 'you' and 'your' refer to the 'named insured' shown in the Declarations and the spouse if a resident of the same household." The definition of "family member" also includes a spouse who is a member of the same household. Thus, even if Nora was the sole driver of the Opel, the exclusion clearly applies.

*Brown*, at 505.

---

[1]The rationale for this type of exclusion was stated in *Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 359, 517 P.2d 966 (1974):

"The twofold purpose of a 'use of other automobile' clause is: (1) to prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy, and (2) to provide coverage to the insured when engaged in the infrequent use of nonowned vehicles." *See also Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 858, 719 P.2d 1345 (1986) (quoting *Dairyland*).

In *Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 719 P.2d 1345 (1986), this court followed the reasoning of *Brown* and denied coverage based on a similar exclusion. In *Anderson*, David Anderson was injured in a collision with an uninsured driver while he was driving a Volkswagen owned by his wife. After exhausting UIM coverage available through his wife's insurer, Anderson sought payment from American Economy Insurance, which insured his BMW. American Economy refused coverage, and Anderson brought suit under various theories. *Anderson*, at 853-54.

The UIM policy issued by American Economy excluded coverage for injury sustained by any person "[w]hile operating, or occupying, any motor vehicle owned by or available for the regular use of you or any family member which is not insured for Liability coverage under [the] policy." *Anderson*, at 855. The court noted that this exclusion was expressly permitted by RCW 48.22.030(2), and further stated:

> Here the car that Anderson was driving at the time of the accident was owned by and was available for the regular use of his wife and was not insured under Anderson's automobile insurance policy. At oral argument Anderson's counsel conceded that under the definitions of Anderson's insurance policy, the terms "you" and "your" include Anderson's wife. Thus the facts of this case place it squarely within the ambit of the exclusionary clause and our recent decision in *Brown v. United Pac. Ins. Co.*, *supra* at 503.

*Anderson*, at 855-56. After noting that the same definitions found in the policy in *Brown* were contained in Anderson's policy, the court held that coverage under the policy was precluded. *Anderson*, at 856.

■■ The UIM[2] portion of the policy in this case excludes coverage for bodily injury sustained by any person "[w]hile operating, or 'occupying,' any motor vehicle owned by . . . you or any 'family member' which is not insured for Liability

---

[2]Although Midwest has argued that Schelinski's claim is excluded under both the UIM policy and the PIP policy, Schelinski appears to have limited his argument on appeal to the issue of PIP coverage. This is perhaps because, as will be demonstrated later, Schelinski has no colorable claim of coverage under the UIM provision.

coverage under this policy." Similarly, the PIP portion of the policy states that coverage is not available for "you or any family member for injury received while occupying an auto you own which we do not insure for Personal Injury Protection."

Midwest claims the terms "you" and "your" are clearly defined in the policy and operate to exclude coverage. Schelinski claims the terms are ambiguous.

The "definitions" section of the policy clearly states that *throughout the policy*, the terms "you" and "your" refer to

1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.

Thus, the term "you" in this case means both James and Susan Schelinski. Schelinski fails to support by example his argument that this definition would render "meaningless" references throughout the PIP coverage provisions to "you or any family member".[3] Brief of Respondent, at 3.

We believe this case is controlled by our holdings in *Brown* and *Anderson*. Schelinski's claim falls squarely within the "owned (but not designated) vehicle" exclusion of both the UIM and PIP coverage. For purposes of the UIM exclusion, at the time of the accident, James Schelinski was operating a vehicle owned by his wife — "you" under the policy — which was not insured under Schelinski's policy with Midwest. Moreover, even without relying on this definition of "you", coverage is clearly excluded because the owner of the car, Susan, is a "family member". Similarly, PIP coverage is excluded because James was injured while occupying an auto owned by "you" (Susan Schelinski) which Midwest does not insure for personal injury protection.

---

[3]Schelinski also claims that because "you" as used in the policy does not appear in bold print, the term is not used with reference to a particular definition. This argument ignores policy language appearing beneath the definition section where the terms "you" and "your" are defined, which states:

Other words and phrases are defined. They are either boldfaced or in quotation marks when used.

A reasonable interpretation of this language is that "Other words" refers to terms other than those defined above it, such as "you" and "your", and it is such "other words" that appear in bold type.

Schelinski's attempts to distinguish *Anderson* and *Brown* are not persuasive. Schelinski first claims that *Anderson* is not applicable because that case involved UIM rather than PIP coverage, and that, under *Sears v. Grange Ins. Ass'n*, 111 Wn.2d 636, 762 P.2d 1141 (1988), one cannot argue UIM language in support of a PIP coverage issue (and vice versa). The *Sears* language on which Schelinski relies is dictum and, in any event, is not applicable here. The issue in *Sears* was whether a passenger " 'uses' " a vehicle for purposes of underinsured motorist coverage. *Sears*, at 638. The term "using" was not defined in the policy. Applying "general criteria" for determining when a person is using a vehicle, the court concluded that passengers are users of motor vehicles. *Sears*, at 638-39. The court then addressed Grange's attempt to introduce new evidence on the meaning of the term "use":

> On September 9, 1988, nearly 5 years after the accident, Grange sought to introduce the PIP endorsement under RAP 9.11(a) so it could argue, as in *Dobosh* [*v. Rocky Mt. Fire & Cas. Co.*, 43 Wn. App. 467, 717 P.2d 793, *review denied*, 106 Wn.2d 1011 (1986)], that construing language in the PIP endorsement results in an interpretation of "use" which excludes occupancy, and that this interpretation should control the interpretation of "use" in the UIM endorsement. . . .
>
> . . . .
> We hold Grange has failed to meet the criteria of RAP 9.11(a), . . . and decline to waive its provisions. The motion to introduce the PIP endorsement is denied. Moreover, even if we were to grant the motion, we would find the complicated construction of the policy urged by Grange, which would use the PIP endorsement, to be unpersuasive. Additionally, the matter of the PIP endorsement is an independent issue which we refuse to entangle with the UIM coverage which is claimed by plaintiff.

*Sears*, at 639-40.

The *Sears* court's statement regarding entangling PIP and UIM coverage language was unnecessary to its disposition of the case, as its threshold ruling was that Grange had failed to meet the criteria of RAP 9.11(a). Moreover, whereas the term "using" was not defined in the policy in *Sears*, the terms "you" and "your" are defined in the Midwest policy and such definitions explicitly apply "[t]hroughout this policy".

Midwest is not urging a complicated construction that entangles UIM and PIP endorsements. Instead, Midwest simply argues that past cases interpreting UIM exclusions which have wording similar to the UIM and PIP exclusions at issue here are persuasive, if not controlling.[4]

Schelinski next claims that the language of the exclusion in *Anderson* materially differs from the PIP exclusion in this case. While the UIM exclusion in *Anderson* is worded differently from the PIP exclusion in this case, the difference is of no consequence.

The *Anderson* exclusion states that coverage is excluded for injury sustained by a person while operating or occupying a vehicle "owned by or available for the regular use of *you or any family member* which is not insured for Liability coverage under [the] policy." (Italics ours.) *Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 855, 719 P.2d 1345 (1986). The PIP exclusion in this case states that "[w]e will not pay you or any family member for injury received while occupying an auto *you* own which we do not insure for Personal Injury Protection", and further provides that "[w]e will not pay you or any family member for injury received while occupying an auto furnished for your regular use." (Italics ours.)

The *Anderson* exclusion is broader than the PIP exclusion here because under the *Anderson* clause, coverage can be excluded if the vehicle is owned by "you" (*i.e.*, the insured or his or her spouse) or any other family member. The exclusions in the Midwest PIP coverage are operative only if the noninsured vehicle is owned by or available for the regular use of "you", *i.e.*, the insured or the spouse. Despite the slightly narrower scope, the present exclusion clearly covers James Schelinski's claim because he was injured while driving an auto owned by "you", Susan Schelinski, that was not

---

[4]At least one Washington case has employed this method of reasoning by analogy. *See Abbott v. General Accident Group*, 39 Wn. App. 263, 266, 693 P.2d 130 (1984) (reasoning of previous case involving "regular use" exclusion under liability provision of policy applied to issue involving "regular use" exclusions under UIM and PIP provisions), *review denied*, 103 Wn.2d 1027 (1985).

insured by Midwest. This conclusion is fully supported by the reasoning of both *Brown* and *Anderson*.

Because coverage is clearly excluded under the "owned (but not designated) vehicle" exclusion of the policy, there is no need to address at length the "regular use" exclusion. Schelinski's reliance on *Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 517 P.2d 966 (1974), for the proposition that the exclusionary language in the Midwest policy is ambiguous, is misplaced. *Ward* was an "isolated use" case that has been held inapplicable to facts and policy language of the type involved in this case. *See Anderson*, at 857 (where wife's car was owned and available for the regular use of named insured's spouse — who was included in policy's definitions of "you" and "family member" — isolated use at issue in *Ward* was absent); *Brown v. United Pac. Ins. Co.*, 42 Wn. App. 503, 506, 711 P.2d 1105 (1986) (criticizing *Ward* for ignoring policy language in order to extend coverage for policy reasons, and concluding that no isolated use was apparent because vehicle was owned and regularly used by insured's spouse, who qualified as "you" under the policy).

■ Summary judgment in Schelinski's favor is reversed. Because no genuine factual issues are in dispute regarding the exclusion on which we rely, we further remand and direct the trial court to enter summary judgment in favor of Midwest. To the extent they are dependent upon an alleged wrongful denial of coverage, Schelinski's claims against Midwest for negligence, bad faith/breach of contract, and violation of the Consumer ,Protection Act and the Washington Administrative Code are dismissed. *See Saunders v. Lloyd's of London*, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (insurer's reasonable denial of coverage does not constitute an unfair trade practice).

Reversed and remanded.

COLEMAN and GROSSE, JJ., concur.