[No. 42735-1-I.   Division One.   April 12, 1999.]

HARRISON V. BARTH, *Appellant*, v. ALLSTATE INSURANCE COMPANY, *Respondent*.

*Todd Nichols*, for appellant.
*Irene M. Hecht*, for respondent.

WEBSTER, J. — Appellant Harrison Barth's mother purchased automobile insurance coverage for her Mitsubishi and Subaru vehicles from Allstate. After transferring title on the Mitsubishi to her son, Ms. Barth renewed her policy, neglecting to inform Allstate that she no longer owned the Mitsubishi. Barth did not obtain his own insurance on the Mitsubishi. While a passenger in the vehicle, Barth was seriously injured in an accident caused by the driver of his car. He sought to recover as a resident relative under the underinsured motorist (UIM) and personal injury protection (PIP) portions of his mother's policy. The trial court granted Allstate's motion for summary judgment.

We affirm because (1) the policy is not enforceable with respect to the Mitsubishi, in which Barth's mother had no insurable interest, (2) UIM coverage for Barth's accident is barred by a statutorily authorized and valid clause that excludes a vehicle owned by a resident relative and not insured under the policy, and (3) PIP coverage is barred by an exclusionary clause which is valid as applied here where the vehicle was owned by a resident relative.

## BACKGROUND

Prior to October 1992, Barth's mother owned two automobiles, a 1991 Subaru and a 1988 Mitsubishi. She transferred title to the 1988 Mitsubishi to Barth, her adult son. The certificate of title for the Mitsubishi issued to Barth has an application date of October 5, 1992. There is no dispute that Barth owned the Mitsubishi on the date of the accident, February 7, 1993.

Allstate issued an automobile insurance policy to Ms. Barth, effective from October 22, 1992, to April 22, 1993.[1] The declarations page of the policy lists both the 1991 Subaru and the 1988 Mitsubishi.

On February 7, 1993, Barth was a passenger in the Mitsubishi, which was being driven by Andrea Beem Maxwell, when the automobile was involved in an accident. Barth sustained serious injuries resulting in a diagnosis of incomplete quadriplegia. The accident occurred in Florida.

Barth sued Maxwell, but she has not been located for service. Barth has no insurance of his own and has received no recovery for the accident from any source.

After Allstate denied his claims under the UIM and PIP provisions of his mother's policy, Barth filed this action. The trial court granted summary judgment in favor of Allstate.

## STANDARD OF REVIEW

■ This court performs a de novo review of a summary judgment. *See Gossett v. Farmers Ins. Co.*, 133 Wn.2d 954, 962-63, 948 P.2d 1264 (1997). Facts and inferences are viewed in the light most favorable to the nonmoving party. *See id.* at 963. Summary judgment is proper "when there are no material issues of disputed fact and the moving party is entitled to judgment as a matter of law." *Id.*; CR 56(c).

## ANALYSIS

A. Ms. Barth Did Not Have an Insurable Interest in the Mitsubishi at the Time of the Accident, and the Policy Is Void with Respect to that Automobile

Preliminarily, we find that Ms. Barth did not have an insurable interest in the Mitsubishi at the time of the accident because she had transferred title to her son. Washington law requires that an individual have an insurable interest in property insured:

---

[1]Allstate states that this policy was a renewal.

(1) No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.

(2) "Insurable interest" as used in this section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.

RCW 48.18.040.

■■ A person may obtain liability insurance despite having no financial interest in property if he or she may be held liable to third persons arising out of the ownership, maintenance or use of the property. *See Truck Ins. Exch. v. Hanson*, 42 Wn.2d 256, 257-59, 254 P.2d 494 (1953). But "[w]here the ownership of the property belongs elsewhere, payment of insurance premiums on the property does not give rise to an insurable interest." *Gossett*, 133 Wn.2d at 969 (citing 3 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 41:11, at 41-26 (3d ed. 1995)).

In the present case, because the Mitsubishi was owned by Barth, his mother had no financial interest in it and may not be held legally liable for its use. Thus, Ms. Barth had no insurable interest in the Mitsubishi, and her policy is unenforceable with respect to the Mitsubishi. We may now turn to Barth's attempts to recover under his mother's policy as a resident relative.

B. Allstate's Exclusion Barring UIM Coverage for a Vehicle that Is Owned by a Resident Relative and Not Insured Under the Policy Does Not Conflict with the UIM Statute and Is Not Contrary to Public Policy

■ In his attempt to recover as a resident relative, Barth argues that Allstate's exclusion from underinsured coverage of a vehicle owned by a resident relative and not insured under the policy is void because the exclusion's language is overbroad and it is against public policy. A two-part test is applied to determine whether an underinsured exclusionary clause is valid: " 'Does the proposed exclusion

conflict with the express language of the UIM statute? If not, is the exclusion contrary to the UIM statute's declared public policy?'" *Greengo v. Public Employees Mut. Ins. Co.*, 135 Wn.2d 799, 806, 959 P.2d 657 (1998)(quoting *Bohme v. PEMCO Mut. Ins. Co.*, 127 Wn.2d 409, 412, 899 P.2d 787 (1995)). An exclusionary clause is valid only if both questions are answered in the negative. *See Greengo*, 135 Wn.2d at 806.

Ms. Barth's policy provides underinsured coverage for herself and any resident relative. "Resident," as defined by the policy, "means the physical presence in your household with the intention to continue living there. Unmarried dependent children, while temporarily away from home will be considered residents if they intend to continue to live in your household." For the purposes of its summary judgment motion only, Allstate assumes that Barth was a "resident relative" of his mother as that term is defined in her policy.

The policy provides that underinsured coverage "does not apply to . . . an insured person while in, on, getting into or out of, or while operating a motor vehicle which is not an insured motor vehicle but is owned by you or a resident relative." An "insured motor vehicle" is defined as "a motor vehicle . . . described on the declarations page." Allstate argues that this exclusion bars coverage of Barth for the accident in the Mitsubishi because he is a resident relative and the coverage of the Mitsubishi was void.

Washington law provides that automobile liability policies must include underinsured coverage but allows for the exclusion of coverage for an automobile owned by a family member that is not insured under the liability portion of the policy. *See* RCW 48.22.030(2). The statute states:

> No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided

therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles, hit-and-run motor vehicles, and phantom vehicles because of bodily injury, death, or property damage, resulting therefrom, except while operating or occupying a motorcycle or motor-driven cycle, and *except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy.*

RCW 48.22.030(2) (emphasis added).

### 1. *Allstate's Exclusion Does Not Conflict with the Express Language of the Authorizing Statute*

Barth argues that Allstate's exclusion does not comply with the authorizing statute and is overbroad. The statute allows for exclusion of a vehicle owned by a family member that is not insured under the *liability* portion of the policy, whereas Allstate's provision excludes a vehicle owned by a family member that is not an *insured* motor vehicle, that is, one not listed on the declarations page. To demonstrate the overbreadth that he argues, Barth provides an example: "Obviously, a vehicle can be described on a declarations page of a policy without having liability insurance apply, for example, under comprehensive coverage."

First, the distinction that Barth points to between the statutory language and that provided in Allstate's exclusion is insignificant, and the example he uses has little or no practical application. Any liability policy issued must include underinsured coverage. *See* RCW 48.22.030(2). Washington statute also allows insurers to eliminate the stacking of underinsured coverages:

The UIM statute authorizes insurers to prohibit "external stacking," which is the practice of adding together different policy coverages to increase available coverage limits: "The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the

applicable limits of the respective coverages." RCW 48.22-.030(6). In the UIM context, "[t]he term 'similar insurance' is appropriately understood to be other underinsured motorist insurance coverages." 3 ALAN I. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 40.1, at 238 (2d ed. 1995).

*Greengo*, 135 Wn.2d at 806-07. Besides prohibiting one accident victim from stacking coverages from multiple insured individuals who are liable for the accident, another consequence of the authorized antistacking provision is that it would make little sense for a consumer to purchase one policy with liability and the required underinsured coverage and *another* policy, as Barth suggests, with comprehensive, no liability, and more underinsured coverage. Thus, practically speaking, underinsured coverage will most likely be included only on policies that insure the vehicle for liability. Therefore, the distinction between the statutory exclusion of a vehicle "not insured under the liability coverage of the policy" and the Allstate exclusion of a vehicle "which is not an insured motor vehicle" under the policy is essentially meaningless because vehicles insured under a policy including underinsured coverage will always include liability coverage.

Second, contrary to Barth's assertion, the logical interpretation of the language in Allstate's exclusion shows that it is not overbroad because it actually excludes *fewer* automobiles than the exclusion allowed by the statute. This may be demonstrated by using Barth's hypothetical as an example: consider Policy One that insures automobile X for liability, and Policy Two that insures automobile Y for comprehensive but not liability. Under an exclusion tracking the statutory language, automobile X is *not* excluded from UIM coverage because it *is* covered for liability. Automobile Y, however, *is* excluded because it is *not* covered by liability. Now compare to Allstate's provision: automobiles X and Y are both *insured* motor vehicles; therefore, *neither* is excluded. Thus, the language of Allstate's exclusion is not overbroad.

In short, Allstate's underinsured exclusion of a vehicle

owned by a resident relative and not insured under the policy does not conflict with the express statutory language authorizing the exclusion.

*2. Allstate's Exclusion Does Not Contravene Public Policy*

In *Greengo*, the Washington Supreme Court stressed that "the public policy underlying UIM is creation of a second layer of floating protection for the insured."[2] 135 Wn.2d at 810. The purpose of the statutory exclusion is "to prevent an insured from receiving coverage on another household car by merely purchasing a single policy," and the exclusion "in no way affects the broad and beneficial purpose of the [UIM] statute." *Brown v. United Pac. Ins. Co.*, 42 Wn. App. 503, 507, 711 P.2d 1105 (1986).

Where the language of the exclusion closely tracks the authorizing statute, this court has repeatedly upheld the exclusion of a vehicle owned by a family member that is not insured under the policy. *See Schelinski v. Midwest Mut. Ins. Co.*, 71 Wn. App. 783, 790, 863 P.2d 564 (1993); *Anderson v. American Econ. Ins. Co.*, 43 Wn. App. 852, 856, 719 P.2d 1345 (1986); *Brown*, 42 Wn. App. at 507. Having concluded above that the distinction between the statutory language and that used in the Allstate exclusion is insignificant, the reasoning in these cases may be relied upon here. The exclusion of a vehicle owned by a family member that is not insured under the policy is expressly allowed by the legislature and does not contravene the purposes underlying the UIM statute. As stated, the UIM statute is to provide a *second* layer of protection to the *insured*. In the present case, Barth's Mitsubishi was not insured under his mother's policy, and Barth was not insured under her policy when a passenger in the Mitsubishi. Thus, there is no first level or second layer coverage

---

[2]The *Greengo* court clarified that although the two-judge lead opinion in *Tissell v. Liberty Mutual Insurance Co.*, 115 Wn.2d 107, 111, 795 P.2d 126 (1990), stated that the public policy underlying UIM coverage is full compensation for the accident victim, the correct characterization of the public policy underlying UIM coverage, as stated in the majority concurring opinion in *Tissell*, is that UIM supplies a second layer of coverage for the insured. *See Greengo*, 135 Wn.2d at 809-10.

under the UIM portion of the policy. To allow Barth UIM recovery under his mother's policy would contravene the purpose of the legislature's express exclusion.

Barth attempts to distinguish *Schelinski, Anderson,* and *Brown* on the basis that the accident victims in those cases had received some recovery and sought double recovery under the UIM coverage. Although UIM recovery cannot be stacked, these cases were decided on the same exclusion at issue here. Even though Barth has not received any recovery, the factual circumstances of his case fit squarely in Allstate's exclusion, and that exclusion still applies. As the *Brown* court noted, the accident victims could have at any time prior to the accident included the excluded vehicle in the policy from which they sought UIM coverage. 42 Wn. App. at 507. Here, it was Barth's responsibility to obtain insurance for the Mitsubishi that he owned.

We find that Allstate's UIM exclusion of a vehicle owned by a resident relative of the insured and not insured under the policy is valid and applicable to the case at hand.

C.  Allstate's Exclusion Barring PIP Coverage to a Resident Relative While Operating a Vehicle Owned by that Relative Is Valid as Applied in this Case

■ Ms. Barth's policy excluded PIP coverage to "any resident relative while operating, maintaining or using a motor vehicle owned by, furnished or available for the regular use of that resident relative." The facts of the present case fit into this exclusion because Barth was a resident relative who owned the motor vehicle he was using at the time of the accident.

Generally, this PIP exclusion is overbroad because it is not limited to vehicles not insured under the policy; that is, this exclusion purportedly excludes vehicles that *are* insured under the policy.[3] For example, if a policy provides liability coverage for three family cars, one of which is avail-

[3]Since the dates of the policy and accident at issue here, RCW 48.22.090 became effective. This statute authorizes exclusions to PIP coverage and is an indication that the Allstate exclusion in Ms. Barth's policy is broader than public

able for the regular use of a minor resident child, this All-state policy would exclude PIP coverage for the minor if she is not the named insured. Essentially, this Allstate policy provides PIP coverage: (1) to the named insured *only*, and not to resident relatives, while in any automobile regularly used by the insured's resident relatives, even if the vehicle is insured under the policy; and (2) to both the insured and resident relatives while in a third party's vehicle, for example, a taxi.

But although the Allstate PIP exclusion is generally too broad, we find that it is not overly broad as applied to vehicles *owned* by resident relatives such as Barth. Barth is not a minor but an adult and owned the Mitsubishi. Therefore, the Mitsubishi was not insurable under his mother's policy because, as explained above, she had no insurable interest in it. The purpose of the exclusion is to prevent an insured from obtaining coverage for multiple automobiles while paying the premiums for only one. We find that the Allstate PIP exclusion in this case is valid as applied to Barth.

## CONCLUSION

Barth's request for attorney fees is denied. For the reasons stated, we affirm the trial court's summary judgment in favor of Allstate.

COLEMAN and APPELWICK, JJ., concur.

---

policy now mandates because the relevant exception is limited to those vehicles not insured under the policy:

Personal injury protection coverage need not be provided to or on behalf of:
. . .

. . . .

(f) A relative while occupying a motor vehicle owned by the relative or furnished for the relative's regular use, if such motor vehicle is not described on the declaration page of the policy under which a claim is made; . . . .

RCW 48.22.090(2).