[No. 31188-3-I.  Division One.  December 13, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. GUADALUPE
VILLEGAS, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Deputy,* for appellant.

*Helen Anderson* of *Washington Appellate Defender Association,* for respondent.

PEKELIS, A.C.J. — The State of Washington appeals Guadalupe Villegas' sentence contending that the sentencing court erroneously failed to include a federal felony conviction with no comparable Washington offense in the calculation of the offender score. We affirm.

Villegas pleaded guilty to a violation of the Uniform Controlled Substances Act (VUCSA) (RCW 69.50). At the sentencing hearing, the parties disputed whether Villegas' federal felony conviction for reentry of a deported alien should be included in the calculation of the offender score under RCW 9.94A.360(3).

The sentencing court declined to include the federal felony conviction because the Sentencing Reform Act of 1981 (SRA) did not expressly authorize including noncomparable federal offenses. The court reasoned "that all penal statutes have to be construed strictly in favor of the defendant, thus giving rise to an application of the rule of lenity." The court then imposed a 14-month standard range sentence.

In this case of first impression we decide whether the SRA authorizes the inclusion of a federal conviction that has no comparable Washington offense in the offender score. We hold that it does not.

The offender score is based on prior criminal history, RCW 9.94A.030(12), and is calculated pursuant to RCW 9.94A-.360. Initially, the number and nature of past convictions which may be included in the offender score must be determined. RCW 9.94A.360(1). Both Washington and non-Washington past convictions must be listed. RCW 9.94A.360(3), the subsection at issue, addresses how to classify non-Washington past convictions: *"Out-of-state convictions* for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." (Italics ours.) Once the number and nature of past convictions are known, then the score or weight to be given to each conviction must be determined.

On its face, RCW 9.94A.360(3) appears to limit the use of non-Washington convictions to those with comparable Washington offenses. The State contends, however, that RCW 9.94A.360(3) does not apply to federal convictions. According to the State, "federal convictions" differ from "out-of-state convictions" and, therefore, federal convictions should be included in the offender score even when there is no comparable Washington offense.

In support of this contention, the State points out that two separate terms are used in the offense definitions found in RCW 9.94A.030 — "out-of-state convictions" and "federal convictions". From this, the State reasons that if the Legislature had intended federal convictions to fall within RCW 9.94A.360(3), it would have specifically used the term "federal convictions" as it did in the definitions section. Moreover, because the definition of "[d]rug offense", RCW 9.94A-.030(16), includes federal drug offenses that are not com-

parable to Washington drug offenses,[1] the State claims that the Legislature was aware that federal offenses may not have state counterparts. Hence, the omission of "federal convictions" from RCW 9.94A.360(3) was a conscious decision by the Legislature.

We decline to adopt the State's interpretation and, instead, hold that the term "out-of-state" convictions, as used in RCW 9.94A.360(3), encompasses *all* non-Washington convictions, including federal convictions. As a result, a federal conviction can be counted in the offender score only when there is a comparable Washington offense.

■■ When construing statutes, our paramount duty is to give effect to legislative intent. *State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992). If statutory language is susceptible to more than one meaning, it is ambiguous. *Johnson*, at 172. Because RCW 9.94A.360(3) could be interpreted to mean *only* convictions from other states or could be interpreted to mean *all* non-Washington convictions, including out-of-state, federal, and foreign convictions, the term "out-of-state convictions" is ambiguous.

■■ To fulfill the Legislature's intent we must construe the statute as a whole, giving effect to all of the language, considering all provisions in relation to each other, and harmonizing them whenever possible. *State v. Smith*, 65 Wn. App. 887, 892, 830 P.2d 379 (1992). The State's interpretation would create disharmony because if federal convictions are *not* included in the offender score pursuant to RCW

---

[1] RCW 9.94A.030(16) states:

" 'Drug offense' means:

" . . . .

"(b) Any offense defined as a felony under *federal law* that relates to the possession, manufacture, distribution, or transportation of a controlled substance; or

"(c) Any *out-of-state* conviction for an offense that under the laws of this state would be a felony classified as a drug offense under (a) of this subsection." (Italics ours.)

9.94A.360(3), then *no* federal convictions will be included in the offender score. Clearly, the Legislature did not intend this result. The definition of criminal history, which serves as the basis of the offender score, directs that all prior convictions, including federal convictions, be listed.[2] RCW 9.94A.030(12)(a). If federal convictions were excluded from RCW 9.94A.360(3), then this directive would be meaningless.

The State agrees that the Legislature did not intend to exclude all federal convictions from the offender score calculation. The State's solution is to score federal convictions pursuant to RCW 9.94A.360(2), the "washout" scoring provision. This approach, however, ignores the clear distinction between the initial process of calculating which convictions may be included in the offender score and that of then "washing out" certain convictions from the offender score. When calculating the offender score, the sentencing court must *first* determine which convictions from other jurisdictions are comparable to Washington offenses under RCW 9.94A.360(3). Only then, does the court determine, under RCW 9.94A.360-(2), if any of the remaining convictions "wash out" depending "on the length of time since the defendant was released from confinement and during which the defendant was not convicted of a felony." D. Boerner, *Sentencing in Washington* § 5.6(d), at 5-10 (1985); *see also Smith*, at 892.

▮ Furthermore, when it is not clear from the statute or legislative history which interpretation is correct, we should adopt the interpretation that best advances the objects and purposes of the legislation. *Drollinger v. Safeco Ins. Co.*, 59 Wn. App. 383, 386, 797 P.2d 540 (1990), *review denied*, 116 Wn.2d 1003 (1991). By holding that the term "out-of-state convictions" encompasses "federal convictions", we give effect to the purpose of RCW 9.94A.360(3), which is to ensure that defendants with equivalent prior convictions are treated "the

---

[2] RCW 9.94A.030(12)(a) provides:

" 'Criminal history' means the list of a defendant's prior convictions, whether in this state, *in federal court*, or elsewhere . . .". (Italics ours.)

same way, regardless of whether their prior convictions were incurred in Washington or elsewhere." *State v. Weiand*, 66 Wn. App. 29, 34, 831 P.2d 749 (1992); *see also* D. Boerner § 5.6(b), at 5-8.

█ Including federal convictions within the ambit of RCW 9.94A.360(3) is also consistent with the Washington Sentencing Guidelines Comm'n *Implementation Manual* I-11 (1991), which states:

> Federal, Out-of-State, or Foreign Convictions: For a prior federal, out-of-state or foreign conviction, compare the elements of the offense in that jurisdiction to Washington State laws to determine how to score the offense (RCW 9.94A.360(3)). . . .[3]

Although advisory in nature, the manual serves as a guide for interpretation and comports with the purpose underlying RCW 9.94A.360(3). *See State v. Parramore*, 53 Wn. App. 527, 532, 768 P.2d 530 (1989).

Finally, we are unpersuaded by the State's argument that our result would create a conflict between the definition of drug offense, RCW 9.94A.030(16), and RCW 9.94A.360(3). RCW 9.94A.360(3) provides that non-Washington convictions shall be classified according to comparable Washington offenses while RCW 9.94A.030(16) includes noncomparable federal drug offenses in the definition.

█ If statutes conflict, they are to be reconciled and effect to be given to each if this can be achieved without distorting the statutory language. *State v. Becker*, 59 Wn. App. 848, 852, 801 P.2d 1015 (1990). In addition, "undue emphasis must not be placed on individual sections of a statute." *State v. Hansen*, 122 Wn.2d 712, 717, 862 P.2d 117 (1993) (citing *Finley v.*

---

[3]Because of the similarities between the two statutes, Washington courts have relied on interpretations of the Minnesota statute when interpreting the SRA. *State v. Collicott*, 118 Wn.2d 649, 658 n.15, 827 P.2d 263 (1992); *State v. Nordby*, 106 Wn.2d 514, 521 n.1, 723 P.2d 1117 (1986) (Utter, J., dissenting). Therefore, we note that our interpretation is also consistent with Minnesota's treatment of federal convictions. The Minnesota sentencing act contains a similar provision to RCW 9.94A.360(3) and Minnesota Sentencing Guidelines and Commentary II.B.504 interprets it in the same manner as Washington's Sentencing Guidelines Commission interprets RCW 9.94A.360(3).

*Finley*, 43 Wn.2d 755, 761, 264 P.2d 246, 42 A.L.R.2d 1379 (1953)). These provisions can be reconciled if "drug offense", as defined, is viewed as an exception to the general rule that only convictions that have comparable Washington offense definitions are to be factored into the offender score. When the Legislature defined drug offense, it specifically recognized and provided for the differences between federal and state drug offenses. Thus, in this limited situation, including a federal drug offense that is not comparable to a Washington drug offense gives effect to the Legislature's intent to include *all* drug convictions in the offender score.

We conclude that the Legislature intended the term "out-of-state convictions", as used in RCW 9.94A.360(3), to encompass all non-Washington convictions, including federal convictions. Because there is no comparable Washington offense to the federal felony of reentry of a deported alien, the trial court correctly refused to include Villegas' federal conviction in the calculation of his offender score.

Affirmed.

SCHOLFIELD and COLEMAN, JJ., concur.

Review denied at 124 Wn.2d 1002 (1994).