[No. 72910-7. En Banc.]
Argued May 13, 2003. Decided November 6, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. REYNALDO
REDMOND, *Petitioner*.

*David L. Donnan* and *Susan F. Wilk* (of *Washington Appellate Project*) and *Mark R. Stephens* (of *The Law Office of Mark R. Stephens*), for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Andrea R. Vitalich* and *Ian M. Goodhew, Deputies,* for respondent.

FAIRHURST, J. — This case involves a student fight in the parking lot of a local high school. Petitioner, Reynaldo Redmond, appeals a Court of Appeals decision affirming his jury conviction for second degree assault. Because the trial court committed a prejudicial error when it did not instruct the jury that persons acting in self-defense have no duty to retreat when assaulted in a place they have a right to be, we reverse and remand for a new trial. We also agree with petitioner that certain hearsay statements were improperly handled by the trial court. However, because the jury instruction error constitutes a sufficient basis to require retrial, we do not address whether the evidentiary errors independently warrant a new trial.

## I. CASE HISTORY

In June 2000, Reynaldo Redmond, a former student at Lindbergh High School, and Bryan Johnson, a current Lindbergh student, were involved in an altercation in the Lindbergh High School parking lot. During the altercation, Redmond punched Johnson in the face, fracturing Johnson's jaw. The parties continued fighting until the school principal intervened. Redmond was charged with second degree assault.

The State, at trial, argued that Redmond specifically looked for Johnson intending to start a fight and, after finding him, demanded that Johnson get out of the car and explain statements he believed Johnson had made regarding Redmond's ex-girl friend. The parties exchanged heated words and when Johnson began to return to his car, Redmond threw the punch fracturing Johnson's jaw.

In his defense, Redmond testified that he met Johnson in the school parking lot by chance while he was at the school picking up his friend's brother. He testified that he did not intend to start a fight with Johnson and punched Johnson in self-defense only after Johnson stepped toward him with clenched fists.

Both parties produced witnesses to support their factual assertions. However, there was no dispute that, during the parties' initial argument and at the time Redmond delivered the punch that fractured Johnson's jaw, Johnson was standing between his car and Redmond. Redmond requested a no duty to retreat jury instruction as part of his theory of self-defense. The trial court refused to give the instruction, stating the case "barely" warranted a self-defense instruction and did not legitimately raise the issue of retreat. Verbatim Report of Proceedings (VRP) (Jan. 23, 2001) at 48, 49.

The trial court also overruled two of defense counsel's hearsay objections. The first hearsay objection concerned Johnson's testimony that he knew from his conversations with other unnamed students that Redmond was upset

with him and planned to confront him about a conversation he had with Redmond's ex-girl friend. When the judge inquired whether this statement was offered for the truth of the matter, the State indicated that it was not, but no other basis was given for the testimony. Redmond then requested a limiting instruction, which the trial court did not provide.

The second hearsay objection concerned three statements included in Johnson's medical records. Redmond requested redaction, claiming that the statements included faulty information, hearsay within hearsay, and overly prejudicial information. In response, the State argued that the statements were admissible under the medical diagnosis and treatment exception to the hearsay rule. The trial court overruled Redmond's objections holding that the statements documented the physician's understanding of what caused Johnson's injuries.

A jury convicted Redmond of second degree assault, and the Court of Appeals affirmed the conviction. *State v. Redmond*, noted at 112 Wn. App. 1030 (2002). The Court of Appeals agreed that retreat was not a serious issue for the jury to consider, and found no error in the trial judge's refusal to provide a no duty to retreat jury instruction. The Court of Appeals also found the trial judge did not err by admitting Johnson's testimony that he knew Redmond was upset based upon his conversation with unnamed sources because it was offered to show the victim's state of mind or motivation, a nonhearsay purpose. The Court of Appeals did not address whether a limiting instruction was necessary. Finally, the Court of Appeals did not answer the question of whether the trial court abused its discretion in refusing to redact the medical records, finding instead that any error committed in admitting the medical record statements was harmless.

We granted Redmond's petition for review. *State v. Redmond*, 148 Wn.2d 1014, 64 P.3d 649 (2003).

## II. ANALYSIS

### A. *No Duty to Retreat Jury Instruction*

 The law is well settled that there is no duty to retreat when a person is assaulted in a place where he or she has a right to be.[1] *State v. Studd*, 137 Wn.2d 533, 549, 973 P.2d 1049 (1999). An instruction should be given to this effect when sufficient evidence is presented to support it. *State v. Allery*, 101 Wn.2d 591, 598, 682 P.2d 312 (1984). Parties are entitled to instructions that, when taken as a whole, properly instruct the jury on the applicable law, are not misleading, and allow each party the opportunity to argue their theory of the case. *State v. Mark*, 94 Wn.2d 520, 526, 618 P.2d 73 (1980).

In affirming the trial court's refusal to give a no duty to retreat jury instruction, the Court of Appeals cites *State v. Williams*, which held that "where a jury may conclude that flight is a reasonably effective alternative to the use of force in self-defense, the no duty to retreat instruction should be given." *State v. Williams*, 81 Wn. App. 738, 744, 916 P.2d 445 (1996); *State v. Redmond*, noted at 112 Wn. App. 1030, 2002 WL 1402564, at *2. The Court of Appeals then suggests, obversely, that "such an instruction is not required . . . where the evidence does not otherwise suggest that retreat was a reasonable alternative to the use of force." *Id.*

This rule is illustrated by this court's decision in *State v. Studd*. In *Studd*, the defendant argued that the victim was holding him at gunpoint at the time he shot the victim. *Studd*, 137 Wn.2d at 549. Based on these objective circumstances, this court held that retreat was not a reasonable alternative to the use of force for a person being held at gunpoint, and upheld the trial court's refusal to provide a no duty to retreat instruction. *Id.* In cases such as *Studd*, the danger that a jury will erroneously conclude that a

---

[1] Redmond's right to be in the Lindbergh High School parking lot is not disputed.

defendant should have retreated, despite the absence of a duty to retreat, is minimal.

Agreeing with the Court of Appeals' characterization of the case law, we now turn to the Court of Appeals' application to the facts in this case. Unlike *Studd*, where the defense presented a defense theory that incorporated the objective fact that the defendant was being held at gunpoint at the time he shot the victim, clearly making retreat an unreasonable alternative, in this case the undisputed objective facts indicate that during the altercation, Johnson was between his car and Redmond, arguably leaving Redmond with an easy opportunity to retreat.[2] Upholding the trial court, the Court of Appeals looked beyond the fact that Redmond objectively had a reasonable opportunity to retreat, and held that retreat was not an issue because Redmond's testimony included subjective thoughts regarding his ability to outrun Johnson and his characterization of his response as reactionary.

The Court of Appeals' conclusion pushes our reasoning in *Studd* too far beyond the facts of that case. Where the only objective facts suggest that retreat would be a reasonable alternative to the use of force, the risk that jurors would conduct their own evaluation of the possibility of retreat is not sufficiently diminished by testimony regarding the defendant's speculation about his chances for a successful retreat. To the contrary, such testimony may invite jurors to engage in their own assessment of the defendant's opportunity to retreat.[3] As noted above, where the possibility of such speculation exists, the jury should be instructed that

---

[2] There was also testimony that invited the jury to speculate whether retreat was a viable option. Redmond testified he believed that running away was not an option because he had seen Johnson fight before, knew Johnson's strength and speed, and believed Johnson would have been able to chase him down. Redmond also stated that he did not have a chance to reflect before punching Johnson. Johnson, on the other hand, testified that Redmond stepped back away from Johnson, leading Johnson to believe that the confrontation was over and that Redmond was going to walk away. Johnson then claims that, as he was turning to get back into his car, Redmond punched him in the face.

[3] This risk was exacerbated by the prosecutor's statement in her closing argument that "Bryan Johnson's back was up against the car, so if anybody had the way to get out of the situation, it was the defendant." VRP (Jan. 23, 2001) at

the law does not require a person to retreat when he or she is assaulted in a place where he or she has a right to be.

The failure to provide a no duty to retreat instruction to the jury is a reversible error. At trial, the judge noted that he felt this was "barely a case . . . even entitled to a self-defense instruction." VRP (Jan. 23, 2001) at 48. Be that as it may, the no duty to retreat instruction is required where, as in this case, a jury may objectively conclude that flight is a reasonably effective alternative to the use of force in self-defense. The trial court cannot allow the defendant to put forth a theory of self-defense, yet refuse to provide corresponding jury instructions that are supported by the evidence in the case. Each party is entitled to have the jury provided with instructions necessary to its theory of the case if there is evidence to support it. *State v. Riley*, 137 Wn.2d 904, 908 n.1, 976 P.2d 624 (1999). Failure to provide such instructions constitutes prejudicial error. *Id.* Accordingly, we reverse and remand for a new trial.

## B. Hearsay Statement—Johnson's Testimony

█ Redmond contends that the trial court improperly addressed two of his hearsay objections. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). We review the admission of evidence by a trial court for abuse of discretion. *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 76, 684 P.2d 692 (1984).

Redmond first contends that Johnson's testimony, in which he testifies other unnamed students told him that Redmond was upset and planned to confront him, constitutes inadmissible hearsay. Even though no basis for ad-

61. The Court of Appeals correctly notes that, put in context, the prosecutor was challenging the credibility of Redmond's claim that he feared Johnson. We disagree, however, with the Court of Appeals' conclusion that the prosecutor's statement did not imply a duty to retreat. On the contrary, the prosecutor's clear message to the jury was that if Redmond was really afraid of Johnson, he should have retreated. The prosecutor's suggestion highlights the need for the no duty to retreat instruction in this case.

mission was given at the trial court, the Court of Appeals held that the trial court did not err when it admitted Johnson's testimony because it was offered to show the victim's state of mind or motivation, a nonhearsay purpose. Although it is a close question whether the out-of-court declarations revealed Johnson's state of mind in a way that is relevant to this case, we agree that the trial judge's decision to admit the testimony was within his reasonable discretion.

■ The Court of Appeals failed to address, however, the trial court not giving a requested limiting instruction. This court has noted that when testimony that would otherwise be inadmissible hearsay is admitted to show the state of mind or intention of a person, it may be misused by the jury. *State v. Parr*, 93 Wn.2d 95, 98-99, 606 P.2d 263 (1980). Accordingly, limiting instructions are usually required. *Id.* In this case, we find no justification for the trial court not providing an appropriate limiting instruction, and hold that it was an abuse of discretion not to instruct the jury regarding the specific manner in which it should consider this portion of Johnson's testimony.

Because we reverse and remand this case based on the trial court's failure to provide a no duty to retreat instruction, we need not consider whether the trial court's error in failing to provide a limiting instruction constitutes a harmless or reversible error.

*C. Hearsay Statements—Medical Records*

■ Redmond also appeals the inclusion of three unredacted portions of Johnson's medical records. Redmond contends that redaction was necessary because the records contained attributions of fault, making them inadmissible under ER 803(a)(4). Because ER 803(a)(4) pertains to statements "reasonably pertinent to diagnosis or treatment," it allows statements regarding causation of injury, but generally not statements attributing fault. *State v. Woods*, 143 Wn.2d 561, 602, 23 P.3d 1046, *cert. denied*, 534 U.S. 964 (2001). For example, the statement "the victim

said she was hit on the legs with a bat" would be admissible, but "the victim said her husband hit her in the face" would not be admissible.

The trial court abused its discretion when it failed to redact two of the three portions of medical records complained of by Redmond.[4] Redaction could easily have eliminated attributions of fault, while preserving the portions relevant to treatment or diagnosis. For example, the wording "an ex-student accosted and dragged Mr. Johnson from his auto" and "was accosted in the parking lot by another male. He was taken from his car" should have been redacted. State Ex. 5, at 1, 3. We do not find any inappropriate attribution of fault in the third statement complained of by Redmond.[5]

Although we hold that the trial court erred in failing to require redaction of certain portions of the medical records, because of our holding on the jury instruction issue, we do not consider whether the trial court's error provides an independent basis to require a new trial.

## III. CONCLUSION

Because the trial court committed a prejudicial error by failing to provide a no duty to retreat jury instruction, we reverse and remand for a new trial. We also find the admission of Johnson's hearsay statement without a limiting instruction, and two of the three medical statements

---

[4] The first statement that should have been redacted reads: "[Johnson] . . . was leaving school yesterday, and while on school grounds apparently an ex-student accosted and dragged Mr. Johnson from his auto and slammed his head into the dash of the car several times, resulting in the current injuries." State Ex. 5, at 1. The second statement that should have been redacted reads: "[Johnson] . . . was leaving school yesterday and was accosted in the parking lot by another male. He was taken from his car and in an altercation, his head was slammed apparently against the roof of the car, resulting in the current injuries." *Id.* at 3.

[5] The third statement complained of by Redmond reads: "[Johnson] was at school in the parking lot when he was struck in the face and his jaw was smashed against the side of the car Limberg [sic] High School at approximately 1330 today." *Id.* at 6.

admitted without redaction, to be an abuse of discretion. We do not determine whether these admissions were harmless.

ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.