[No. 63016-4-I. Division One. November 1, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. ERICK DESHUM JORDAN, *Appellant*.

*Erick D. Jordan*, pro se.

*Susan F. Wilk* and *Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Donna L. Wise, Deputy*, for respondent.

¶1 ELLINGTON, J. — Comparability of out-of-state convictions depends on the elements of the crimes, not the available defenses. A difference in the laws of self-defense does not render a conviction incomparable, and Erick Jordan's Texas conviction for voluntary manslaughter was properly included in his offender score. Finding no merit in his remaining claims, we affirm his conviction and sentence.

## BACKGROUND

¶2 A loud disturbance involving 10 to 15 people erupted outside a bar late at night, attracting the attention of several neighbors, two of whom called 911. Someone fired two shots, and the crowd dispersed. Several witnesses then saw Erick Jordan pointing a gun at Maurice Jackson. Jackson was silent, unarmed and unthreatening, with his arms at his sides, and was standing or backing away from Jordan. One witness heard Jordan say, "Do you want me to shoot you, motherfucker?"[1] Jordan then shot Jackson in the face and chest, killing him. Jordan was apprehended with a .38 caliber revolver in his pocket, which was later determined to have fired the bullets that killed Jackson.

¶3 The State charged Jordan with murder in the second degree with a firearm enhancement and unlawful possession of a firearm in the first degree. The State alleged murder by the alternative means of intentional murder or

---

[1] Report of Proceedings (RP) (June 10, 2008) at 6.

felony murder with a predicate of assault in the second degree. A jury found Jordan guilty as charged.

¶4 At sentencing, the court found Jordan's Texas conviction for voluntary manslaughter comparable to second degree murder in Washington and included the offense in his offender score. Based on a score of 8, the court imposed a standard range sentence of 417 months on the murder conviction, including the firearm enhancement, and 75 months on the firearm conviction.

## DISCUSSION

### Comparability of Texas Conviction

¶5 Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, an out-of-state conviction is included in a defendant's criminal history if it is comparable to a Washington felony.[2] The comparability analysis requires two steps. First, the sentencing court must compare the elements of the out-of-state offense with the elements of potentially comparable Washington crimes.[3] If the elements of the out-of-state offense are substantially similar to the elements of a Washington offense, the out-of-state offense is legally comparable and properly included in the defendant's offender score.[4] If the foreign statute is broader than the Washington definition of the particular crime, the sentencing court must decide whether the offense was factually comparable by determining whether the defendant's conduct would have violated a Washington statute.[5]

¶6 Jordan contends his Texas conviction is not comparable to any Washington felony because in Texas, the defense of justifiable homicide is available in narrower

---

[2] RCW 9.94A.030(11), .525(3).

[3] *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998).

[4] *Id.*

[5] *Id.*

circumstances than in Washington.[6] His argument rests on two premises: first, that the absence of self-defense is an element of the crime for purposes of comparability analysis, and second, that an out-of-state conviction is not comparable to a Washington offense if defenses available in Washington are not identical to those available in the other state. We reject both propositions.

¶7 When a defendant raises self-defense, the State bears the burden to disprove it.[7] Some decisions describe this principle as creating "another element of the offense which the State must prove beyond a reasonable doubt."[8] This language originated in cases interpreting the old criminal code, under which a killing was murder or manslaughter unless it was " 'excusable or justifiable.' "[9] Under the modern code, the absence of justification is not a true "element" of murder or manslaughter.[10] References to the absence of self-defense as an element serve as shorthand for the principle that the State bears the burden to disprove the defense once it is properly raised.

■■ ¶8 Jordan argues there is no basis to differentiate between lack of self-defense and the statutory elements in the context of a comparability analysis. We disagree. Because self-defense negates an element of the crime, due process demands that the State disprove the defense as part of its burden to prove guilt beyond a reasonable

---

[6] In particular, at the time the Texas crime was committed, Jordan was entitled to use deadly force to protect himself only if he perceived it necessary to repel the use or attempted use of deadly force against him and only "if a person in his situation would not have retreated." Clerk's Papers at 53. In Washington, a person has no duty to retreat when he is assaulted in a place where he has a right to be. *State v. Redmond*, 150 Wn.2d 489, 493, 78 P.3d 1001 (2003). Additionally, in Texas, a defendant must present affirmative proof of self-defense to be entitled to a jury instruction. *Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex. 1991). In Washington, a defendant is entitled to an instruction so long as there is some evidence, from whatever source, to support the defense. *State v. McCullum*, 98 Wn.2d 484, 488, 656 P.2d 1064 (1983).

[7] *State v. Acosta*, 101 Wn.2d 612, 616, 683 P.2d 1069 (1984).

[8] *McCullum*, 98 Wn.2d at 493-94.

[9] *Id.* at 491 (quoting Laws of 1909, ch. 249, §§ 140, 141, 143).

[10] *Id.* at 491-94.

doubt.[11] Comparison of out-of-state offenses in calculating an offender score, however, is a statutory mandate, not a constitutional one. The SRA requires it to ensure " 'that defendants with equivalent prior convictions are treated the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere.' "[12]

¶9 The second foundation for Jordan's argument is that the comparability of a foreign conviction depends in part on whether defenses available in Washington were available in the state of conviction. Jordan relies on *In re Personal Restraint of Lavery*[13] and *In re Personal Restraint of Carter*.[14] In *Lavery*, the court held that federal bank robbery is not legally comparable to first degree robbery in Washington because the mens rea elements differ. While federal bank robbery is a general intent crime, second degree robbery requires a specific intent to steal.[15] To illustrate the practical differences between the two elements, the court pointed out several defenses available to rebut the mens rea of specific intent to steal, including intoxication, diminished capacity, duress, insanity, and claim of right.[16] The court did not hold that differences in the available defenses would render two offenses incomparable. Rather, its holding was confined to the offenses in question: "Because the elements of federal bank robbery and robbery under Washington's criminal statutes are not substantially similar, we conclude that federal bank robbery and second degree robbery in Washington are not legally comparable."[17]

---

[11] *Acosta*, 101 Wn.2d at 616.

[12] *Morley*, 134 Wn.2d at 602 (internal quotation marks omitted) (quoting *State v. Villegas*, 72 Wn. App. 34, 38-39, 863 P.2d 560 (1993)); RCW 9.94A.525.

[13] 154 Wn.2d 249, 111 P.3d 837 (2005).

[14] 154 Wn. App. 907, 230 P.3d 181 (2010).

[15] 154 Wn.2d at 255-56.

[16] *Id.* at 256.

[17] *Id.*

¶10 Similarly, in *Carter*, Division Two of this court held the California crime of assault on a peace officer with a firearm was not legally comparable to second degree assault in Washington because the former offense is a general intent crime, whereas assault in Washington requires specific intent to create apprehension of bodily harm or to cause bodily harm.[18] As in *Lavery*, the court observed that in light of the differing intent elements, certain defenses available in Washington were not available in California. And, as in *Lavery*, the court's conclusion that the offenses were not comparable was based on the differences in the elements themselves, not the availability of defenses.[19] *Lavery* and *Carter* provide Jordan no support.

¶11 Jordan's argument would require Washington sentencing courts to examine the jurisprudence of the state of conviction to ensure there were no defenses available here that were unavailable there.[20] This is contrary to the plain language of RCW 9.94A.525(3) that "[o]ut-of-state convictions for offenses shall be classified according to the *comparable offense definitions and sentences provided by Washington law*."[21] The statute contains no language suggesting that defenses must also be identical.

¶12 Further, Jordan's approach conflates the two steps of the established analysis for determining comparability. As described above, the first step is to compare the elements of the two offenses. Only where the elements of the Washington crime and the foreign crime are not substantially similar does the sentencing court consider whether undisputed facts show the defendant's conduct would have vio-

---

[18] *Carter*, 154 Wn. App. at 922-23.

[19] *Id.* at 924 ("Carter's California assault is not legally comparable to second degree assault in Washington because of the different intent elements.").

[20] Jordan contends we may treat self-defense differently because it negates an element of the offense, unlike other defenses that merely excuse unlawful conduct. But self-defense is not unique in that respect. For example, in a robbery case, the defense of good faith claim of title negates the element of intent to steal. *State v. Hicks*, 102 Wn.2d 182, 184, 683 P.2d 186 (1984).

[21] (Emphasis added.)

lated a comparable Washington statute.[22] But under Jordan's proposed analysis, comparison of the elements would itself depend upon facts, i.e., whether the defendant conceivably acted in self-defense. As the *Lavery* court observed, "[a]ny attempt to examine the underlying facts of a foreign conviction, facts that were neither admitted or stipulated to, nor proved to the finder of fact beyond a reasonable doubt in the foreign conviction, proves problematic."[23] Jordan's approach would require courts to engage in speculation about possible defenses and evidence outside the record of the prior sentencing. This is clearly at odds with the purpose of the SRA " 'to ensure that defendants with equivalent prior convictions are treated the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere.' "[24]

¶13 So long as an out-of-state conviction is for a crime with elements comparable to a Washington felony, it is properly counted in the offender score.

¶14 Affirmed.

¶15 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.

LAU and SPEARMAN, JJ., concur.

---

[22] *Lavery*, 154 Wn.2d at 255 (citing *Morley*, 134 Wn.2d at 606).

[23] *Id.* at 258.

[24] *Morley*, 134 Wn.2d at 602 (internal quotation marks omitted) (quoting *Villegas*, 72 Wn. App. at 38-39).