

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38710-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN MICHAEL KENNY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — A jury found Brian Kenny guilty of two counts of first degree unlawful possession of a firearm.  On appeal he raises one evidentiary issue and one sentencing issue.  The State cross-appeals on a different sentencing issue.

Kenny contends that the trial court abused its discretion by admitting a judgment during trial that included inadmissible as well as admissible prior convictions.  While Kenny does not dispute that some of his prior convictions were admissible for impeachment purposes under ER 609, he contends that the judgments, as admitted, included evidence of inadmissible convictions.

Kenny also contends that the trial court abused its discretion by counting prior Wyoming convictions as adult convictions.  At sentencing, the State produced evidence that Kenny had been convicted of two prior adult felonies in Wyoming when he was

seventeen. After further discussion, the court counted the Wyoming convictions as adult offenses, adding one point for each offense to Kenny's offender score. Kenny argues that his two Wyoming convictions should be counted as half a point each because he was convicted when he was 17 years old.

The State cross-appeals, arguing that the court abused its discretion when it found that Kenny's current convictions for first degree unlawful possession of a firearm constituted the same criminal conduct.

We deny Kenny's appeal and the State's cross-appeal and affirm Kenny's convictions and sentence.

## BACKGROUND

On November 10, 2019, Kenny thought he heard unauthorized people on his father's property. In response, he grabbed two guns, a rifle and a shotgun, and rode his bicycle to his neighbor's home. On the way, he crashed his bike several times and dropped the shotgun.

The neighbor called 911 and reported that Kenny was armed, acting paranoid, and seemed to "be on some sort of drug." Clerk's Papers (CP) at 4. When officers arrived, Kenny set his rifle down and told officers that he had dropped the shotgun on the road. On the road back to Kenny's home, officers found .22 caliber rounds, a knife, parts of a rifle magazine, and the shotgun Kenny said he had dropped when he crashed his bike.

2

Kenny was arrested and charged with two counts of unlawful possession of a firearm in the first degree in violation of RCW 9.41.040(1)(a), (b).

The case proceeded to a jury trial and Kenny testified in his own defense. During cross-examination, the State moved to admit two prior judgments, exhibits 2 and 3, as evidence of Kenny's prior convictions for impeachment purposes. Presumably, exhibits 2 and 3 were judgments for two separate charges of retail theft in the third degree with extenuating circumstances out of Spokane County. Defense counsel did not object.

The jury found Kenny guilty of both counts of first degree unlawful possession of a firearm. At sentencing, the State produced evidence that Kenny had two prior adult felony convictions from Wyoming. Though the parties agreed that both of the Wyoming convictions were adult offenses, the Wyoming judgments indicated that Kenny was 17 when he was convicted.

The State asserted that Kenny's offender score was 6. The State provided a comparability analysis in its sentencing memorandum to show that the Wyoming convictions were legally comparable to Washington offenses. The State argued that the Wyoming convictions should be counted as one point each because they were adult convictions and qualified as separate criminal conduct.

Kenny argued that his offender score was 5. He asserted that his two current offenses qualified as the same criminal conduct and argued they should count as only one point. There was also some discussion on the record regarding whether Kenny's

3

Wyoming convictions should be assigned half a point each because he was a juvenile at the time of the convictions. The court ultimately held that each of Kenny's Wyoming convictions counted as one point. Additionally, the court found that the two current convictions for unlawful possession of a firearm were the same criminal conduct and counted them as one point. The court calculated Kenny's offender score at 5 and imposed a standard range sentence.

Mr. Kenny appeals and the State cross-appeals.

ANALYSIS

1.    TRIAL COURT EXHIBITS

Kenny contends that the trial court erred when it admitted two unredacted judgments (exhibits 2 and 3) to impeach him at trial. Kenny argues that, though admission of the two judgments was proper, they contained unredacted, inadmissible prior convictions. We decline to address this issue for two reasons.

First, Kenny did not object to the admission of the exhibits and raised the issue for the first time on appeal. Under RAP 2.5, this court may refuse to review any claim of error not raised in the trial court. The only exceptions are for claimed errors of lack of jurisdiction, failure to establish facts upon which relief can be granted, and manifest error affecting a constitutional right. RAP 2.5(a). Kenny did not object to the admission of the unredacted judgments below, and he did not otherwise request that the exhibits be

redacted.  As a result, he waived any non-constitutional challenge to the admission of the evidence.

Second, he failed to designate the exhibits as part of the record on appeal.  Under RAP 9.2(b), the appellant has the burden to arrange for all portions of the record necessary to present the issues raised on review.  *State v. Wade*, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).  RAP 9.6(a) requires the appellant to designate those portions of the record, including exhibits, necessary to review the issues presented to the appellate court.  "Matters referred to in the brief but not included in the record cannot be considered on appeal."  *State v. Stockton*, 97 Wn.2d 528, 530, 647 P.2d 21 (1982).  Without the exhibits, we cannot meaningfully review the issue.

We decline to address this issue because it is waived and otherwise not preserved for appeal.

2.      ASSESSING OUT-OF-STATE ADULT CONVICTIONS COMMITTED AS A JUVENILE

Kenny argues that the superior court erred in adding one point for each of his prior Wyoming convictions.  While acknowledging that these were adult convictions, he contends that they should count as juvenile convictions in Washington and therefore be assigned half a point each because he was under 18 when convicted in Wyoming.

As a threshold matter, the State contends that Kenny did not raise this issue below and that we should decline to address it.  The record reflects that Kenny's counsel, the State, and the court discussed whether to count Kenny's Wyoming convictions as half a

point each or one point each. This discussion was sufficient to preserve the issue for appeal. Regardless, an illegal or erroneous computation of an offender score may be raised for the first time on appeal. *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999).

Turning to the substantive issue, we disagree that Kenny's adult Wyoming convictions should only be counted as half a point each. In determining an offender score, the trial court first determines whether prior convictions exist by a preponderance of the evidence and then calculates the offender score as a matter of law. *State v. Brown*, 128 Wn. App. 307, 315, 116 P.3d 400 (2005). "We review the court's factual findings for an abuse of discretion and the calculation of the offender score de novo." *Id*. at 315.

Under the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, out-of-state convictions are classified according to "comparable offense definitions and sentences provided by Washington Law." RCW 9.94A.525(3). If the elements of the out-of-state conviction are comparable to elements of a Washington statute in effect when the out-of-state crime was committed, the prior conviction is included in the offender score. "This analysis does not include a comparison of criminal procedure." *Brown*, 128 Wn. App. at 315-16 (citing *State v. Morley*, 134 Wn.2d 588, 596, 952 P.2d 167 (1998)).

In *Brown*, this court held that the lower court erred when it declined to count the defendant's out-of-state adult convictions, committed as a juvenile, as adult convictions. *Id*. at 311, 315-16. "If we required prior out-of-state convictions to conform to

6

Washington procedures before allowing those convictions to be counted under the SRA, every single out-of-state conviction would be excluded from consideration." *State v. Morley*, 134 Wn.2d at 597. "The purpose of the offender score statute 'is to ensure that defendants with equivalent prior convictions are treated the same way, regardless of whether their prior convictions were incurred in Washington or elsewhere.'" *Id.* at 602 (quoting *State v. Villegas*, 72 Wn. App. 34, 38-39, 863 P.2d 560 (1993)).

Here, just like in *Brown*, Kenny had prior out-of-state adult convictions committed as a juvenile. In Kenny's case, the trial court properly counted each of those convictions as one point because they were adult convictions. As stated in *Brown*, comparing out-of-state convictions to Washington convictions does not require comparing criminal procedure. Though the court noted that it was unclear *why* Kenny was tried as an adult in Wyoming, those facts are irrelevant. Wyoming's reasons for declining to prosecute Kenny as a juvenile are irrelevant to the offender score calculation. The trial court properly counted Kenny's adult Wyoming convictions as one point each.

3.      SAME CRIMINAL CONDUCT

In its cross-appeal, the State argues that the court abused its discretion when it found that Kenny's two convictions for unlawful possession of a firearm constituted the same criminal conduct. We disagree.

"[D]eterminations of same criminal conduct are reviewed for abuse of discretion or misapplication of law." *State v. Graciano*, 176 Wn.2d 531, 535, 295 P.3d 219 (2013).

Because a finding of "same criminal conduct" favors the defendant, Kenny has the

burden to prove the offenses constitute the same criminal conduct. *Id.* at 539.

A determination of "same criminal conduct" at sentencing alters the offender

score. RCW 9.94A.525. For purposes of an offender score calculation, current offenses

are treated as prior convictions. RCW 9.94A.589(1)(a). However, if a court finds that

"some or all of the current offenses encompass the same criminal conduct then those

current offenses shall be counted as one crime." RCW 9.94A.589(1)(a). For multiple

crimes to be treated as the "same criminal conduct" at sentencing, the crimes must have

(1) been committed at the same time and place, (2) involved the same victim, and (3)

involved the same objective criminal intent. RCW 9.94A.589(1)(a).

The State argues that the offenses are not the same criminal conduct because

Kenny possessed both firearms at different times and at different places.[1] In *State v.*

*Porter*, the Supreme Court held that a defendant's acts do not "need to be simultaneous to

meet the 'same time' element of [RCW 9.94A.589(1)(a)]." 133 Wn.2d 177, 183, 942

P.2d 974 (1997) (citing *State v. Vike*, 125 Wn.2d 407, 885 P.2d 824 (1994)). Instead, the

"same time" element of the same criminal conduct test can be satisfied when the criminal

---

[1] The victim of unlawful possession of a firearm is the general public. *State v. Haddock*, 141 Wn.2d 103, 110-11, 3 P.3d 733 (2000). Consequently, both offenses had the same victim. Further, there is no argument that the two offenses did not involve the same objective criminal intent. The only dispute centers on the "same time and place" element.

acts are part of a "continuous, uninterrupted sequence of conduct over a very short period of time," even if they did not occur simultaneously. *Id.*

The State primarily relies on *State v. Stockmyer* to support its contention that Kenny's two offenses do not encompass the same criminal conduct. 136 Wn. App. 212, 148 P.3d 1077 (2006). *Stockmyer* is distinguishable.

In *Stockmyer*, the defendant was convicted of seven counts of first degree unlawful possession of a firearm. *Id.* at 216. The firearms were found in three different rooms in the defendant's home. *Id.* at 219. The court reasoned that the defendant's offenses were not the same criminal conduct because "multiple guns in different rooms in felons' homes increases the peril to both law enforcement and the general public in that they provide felons with easier and more ready access to guns in the home, thus increasing the possibility of harm to others." *Id.* Further, the defendant testified that he kept his loaded firearms in various locations around the house to protect himself from intruders, robbers, and police; that he kept a gun in his bedroom so that it would be handy when he needed it; and he displayed empty cartridge cases from bullets he had fired on a sill outside his front door "to alert anyone standing on his porch that he was armed and dangerous." *Id.* at 220

In finding that Kenny's unlawful possession of a firearm convictions constituted the same criminal conduct, the trial court reasoned that Kenny did not intentionally place the shotgun in a different location or possess the firearms at different times. Instead, he

9

accidentally crashed his bike and dropped the shotgun in the process. As the court reasoned below, it would lead to an "absurd result" to hold that Mr. Kenny's offenses are not the same criminal conduct simply because he did not arrive at his final destination with both firearms. The trial court did not abuse its discretion in reaching this result.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.