[No. 11484-4-II.  Division Two.  February 1, 1990.]

DONALD W. McINTURFF, *Respondent*, v. DAIRYLAND
INSURANCE COMPANY, *Appellant*.

*W. Matt Murray* and *Murray, Dunham & Murray,* for
appellant.

*Kenneth S. Kessler,* for respondent.

REED, J.—Dairyland Insurance Company appeals from a summary judgment that Donald McInturff had coverage for his injuries under the uninsured motorist provisions of his auto policy. We reverse.

In June of 1985, an uninsured motorist struck and injured Donald McInturff as he rode his motorcycle. McInturff submitted a claim to Dairyland under the following provisions of the company's "Plain Talk" car policy:

### Underinsured Motorist Insurance
### Our Promise to You

We promise to pay the damages you're legally entitled to receive from the owner or operator of an underinsured motor vehicle because of bodily injury.

We'll pay these damages for bodily injury you suffer in a car accident while occupying a motor vehicle.

### *Bodily Injury Covered by this Insurance*

This insurance covers bodily injury caused by a car accident and suffered by you.

Dairyland denied coverage because the motorcycle was not listed as an insured vehicle, placing reliance on an amendatory endorsement reading as follows:

Anyone *occupying a motor vehicle* owned by *you* or furnished for *your* regular use and not insured under this insurance policy isn't protected by this insurance.

McInturff moved for summary judgment. He argued that the exclusion is ambiguous because the term "anyone" is not defined in the policy and is susceptible to either of two meanings: (a) anyone, *other than* the insured and those persons coming within the definition of you, your, yourself, is not protected; or (b) anyone, *including* the insured and those persons coming within the definition of you, your, yourself, is not protected. He then argued that the ambiguity must be construed against Dairyland.

McInturff bolsters his arguments by pointing to the company's repeated use of the words "you" and "you're" as a "marketing tool" that "attempts to distinguish between the target customer and other persons." Ergo, he argues that the insured–customer occupies a status different from that of the "non–customers."

Finding that the policy was ambiguous,[1] and concluding that McInturff's injuries were covered under the uninsured motorist provision, the trial court granted summary judgment. Dairyland appealed.

There is no genuine issue of material fact; thus the question is whether McInturff was entitled to a judgment as a matter of law. CR 56(c); *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

■ ■ As with other contracts, interpretation of insurance policies is a matter of law. *Kelly v. Aetna Cas. & Sur. Co.*, 100 Wn.2d 401, 408, 670 P.2d 267 (1983). The courts must read a contract as the average person would read it and should not give a contract a strained or forced construction. *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986). Words should be given their ordinary meaning. *Corbray v. Stevenson*, 98 Wn.2d 410, 415, 656 P.2d 473 (1982). "Anyone" is defined as "any person indiscriminately." *Webster's Third New International Dictionary* 97 (3d ed. 1969). The term "anyone" neither has an exception, nor does it make one for the insured, and therefore is not ambiguous.[2]

McInturff's argument that the broad, "unqualified" promises of uninsured motorist coverage should be enforced despite the exclusion, is not persuasive. We find nothing deceptive or misleading in the format or context of the policy. "Insurance contracts should be interpreted in light of the actual language used and with respect to the policy as a whole, not in terms of isolated segments." *Shotwell v. Transamerica Title Ins. Co.*, 91 Wn.2d 161, 166, 588 P.2d 208 (1978).

---

[1]Where a clause in an insurance policy is ambiguous, the court must construe it in favor of the insured regardless of the insurer's intent. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 484, 687 P.2d 1139 (1984).

[2]*See Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 855, 719 P.2d 1345 (1986); *Abbott v. General Accident Group*, 39 Wn. App. 263, 265, 693 P.2d 130 (1984), *review denied*, 103 Wn.2d 1027 (1985); and *Brown v. United Pac. Ins. Co.*, 42 Wn. App. 503, 505, 711 P.2d 1105 (1986).

In response to judicial criticism of sometimes prolix and confusing policy language, Dairyland has responded with its Plain Talk policy in an endeavor to make the contract understandable to the average reasonably intelligent purchaser of insurance. In our view, such a purchaser would understand that "anyone" includes himself or herself.

Reversed.

PETRICH, A.C.J., and WORSWICK, J., concur.