FILED
COURT OF APPEALS
DIVISION II

2014 JUL 22 AM 10: 25

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE FARM INSURANCE COMPANY, | No. 45003-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| BRENT and VERA ROLLINS, husband and wife, | |
| Appellants. | |

BJORGEN, A.C.J. — Brent and Vera Rollins appeal a trial court order granting summary judgment in favor of State Farm Insurance Company based on the conclusion that, under the insurance policy's regular use exclusion, the Rollins' personal injury protection (PIP) coverage did not cover injuries Vera[1] sustained while riding as a passenger in her vanpool van. Brent and Vera assert that the trial court erred in granting summary judgment in favor of State Farm because the regular use exclusion violates public policy where used to deny PIP coverage to a participant in a ride-sharing arrangement. Because the regular use exclusion does not violate public policy and because the exclusion applied such that State Farm properly denied PIP coverage for injuries Vera sustained while riding in her vanpool van, we affirm the trial court's summary judgment order in favor of State Farm.

## FACTS

On January 19, 2012, Vera was commuting to work as a passenger in a Metro Vanpool van that was involved in an accident. Vera had commuted as a passenger in the Metro Vanpool program five days each week in the three years prior to her accident, primarily in four particular

---

[1] We refer to Brent and Vera Rollins by their first name for the sake of clarity. We intend no disrespect.

Metro Vanpool vans. Vera sustained injuries in the accident, and she filed a claim for PIP benefits under Brent's insurance policy with State Farm. State Farm denied Vera's claim under the policy's regular use exclusion, which exclusion states:

> THERE IS NO COVERAGE FOR AN *INSURED*:
>
> . . . .
>
> 3. WHO IS *OCCUPYING* A *MOTOR VEHICLE*:
>     a. *OWNED BY YOU*; OR
>     b. FURNISHED FOR *YOUR* REGULAR USE IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*.

Clerk's Papers (CP) at 2, 5, 87.

On June 12, 2012, State Farm filed a complaint for declaratory judgment, requesting that the trial court rule Vera was not entitled to PIP benefits because the regular use exclusion applied to her use of the Metro Vanpool van. State Farm later sought the same relief in a February 20, 2013 summary judgment motion. Brent and Vera filed a cross-motion for summary judgment, asserting that the regular use exclusion was contrary to public policy as applied to the denial of Vera's PIP coverage. Following a hearing on the parties' motions, the trial court granted State Farm's motion for summary judgment and denied the Rollins' cross-motion for summary judgment. Brent and Vera timely appeal the trial court's summary judgment order.

## ANALYSIS

Brent and Vera contend that State Farm's regular use exclusion cannot be used to deny PIP coverage for injuries Vera sustained while riding as a passenger in her vanpool van because applying the exclusion in her case contravenes public policy considerations in favor of ride-sharing arrangements. We disagree and affirm the trial court's order granting summary judgment in favor of State Farm.

## I. STANDARD OF REVIEW

When reviewing a trial court's summary judgment order, we engage in the same inquiry as the trial court. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P.3d 733 (2005). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). In determining whether summary judgment is proper, we consider all facts submitted and all reasonable inferences from those facts in a light most favorable to the nonmoving party, here Brent and Vera. *Progressive Nw. Ins. Co. v. Hoverter*, 65 Wn. App. 872, 876, 829 P.2d 783 (1992).

Interpretation of an insurance policy is a question of law that we review de novo. *Quadrant*, 154 Wn.2d at 171. We apply contract principles to our interpretation of insurance policies. *Quadrant*, 154 Wn.2d at 171. We must consider the insurance policy as a whole and give it a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Quadrant*, 154 Wn.2d at 171 (internal quotation marks omitted). If the language of the insurance policy is clear and unambiguous, we must enforce it as written and not create ambiguity where none exists. *Quadrant*, 154 Wn.2d at 171. We will enforce insurance policy exclusions unless such exclusions are against public policy. *Hoverter*, 65 Wn. App. at 876.

## II. REGULAR USE EXCLUSION

A regular use provision, such as the one in Brent's policy, is designed "to provide coverage for isolated use [of a vehicle] without the payment of an additional premium, but to disallow the interchangeable use of other [vehicles] which are not covered by the policy."

3

*Grange Ins. Ass'n v. MacKenzie*, 103 Wn.2d 708, 712, 694 P.2d 1087 (1985). More specifically, "the purpose of the regular use clause is to (1) prevent an insured from receiving the benefits of coverage by purchasing only one policy and (2) provide coverage to an insured when the insured is engaged in the casual or infrequent use of a nonowned vehicle." *Nelson v. Mut. of Enumclaw*, 128 Wn. App. 72, 76, 115 P.3d 332 (2005) (citing *Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 359, 517 P.2d 966 (1974)).

In determining whether an insurance policy's regular use provision applies so as to exclude coverage:

> "[I]t is the fact of regular use and not the purpose of that use that is the relevant issue. An insurance company's legitimate interest is in preventing an increase in the quantum of risk without a corresponding increase in the premium; the risk to the insurance company is related only to the amount of time the car is driven, not to the reason that car is driven."

*Ross v. State Farm Mut. Auto. Ins. Co.*, 132 Wn. 2d 507, 520, 940 P.2d 252 (1997) (quoting *Grange Ins.*, 103 Wn.2d at 712).

Here, Brent and Vera acknowledge that our Supreme Court has held regular use exclusions to be clear and unambiguous. Additionally, Brent and Vera "admit that the PIP provisions of the State Farm policy excludes coverage of a motor vehicle furnished for an insured's regular use," and they do not contend that Vera's participation in her vanpool five days a week falls outside the scope of "regular use" as the term is used in the policy's exclusion provision. CP at 5; *see also Grange Ins.*, 103 Wn.2d at 712 (use of relative's vehicle at least 4 to 6 times per month constituted "regular use" under provision excluding insurance coverage); *Nelson*, 128 Wn. App. at 77 (use of mail carrier vehicle 16 times in four-month period constituted "regular use"). Instead, Brent and Vera claim that the regular use exclusion is

4

unenforceable because it contravenes public policy in favor of ride sharing. Accordingly, that is the sole issue we must decide in this appeal.

### III. PUBLIC POLICY

"Washington courts rarely invoke public policy to override express terms of an insurance policy." *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 876 n.1, 784 P.2d 507 (1990) (citing *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 481-83, 687 P.2d 1139 (1984); *Progressive Cas. Ins. Co. v. Cameron*, 45 Wn. App. 272, 282, 724 P.2d 1096 (1986)). Even where the wisdom of certain insurance exclusions may be reasonably questioned, "we have been hesitant to invoke public policy to limit or avoid express contract terms absent legislative action." *Emerson*, 102 Wn.2d at 481. Generally, insurance contract provisions do not violate public policy unless such provisions are "'prohibited by statute, condemned by judicial decision, or contrary to the public morals.'" *Emerson*, 102 Wn.2d at 481 (quoting 17 C.J.S. *Contracts* § 211, at 1024 (1963)).

### A.    Increased Risk to Insurer

In support of their claim that the regular use provision violates public policy, Brent and Vera first argue that (1) an insurance exclusion is unenforceable when the condition triggering such exclusion presents no increased risk to the insurer, and that (2) providing PIP coverage to a participant in a ride-sharing arrangement presents no increased risk to an insurer. On both points, we disagree.

Brent and Vera cite *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 97 Wn.2d 203, 643 P.2d 441 (1982), for the proposition that activities excluded from coverage must constitute an increased risk to the insurer in order to be enforceable in Washington. In *Wiscomb*, the issue

before the court was "to determine the validity and effect of family or household exclusion clauses in automobile insurance policies." 97 Wn.2d at 205. The exclusion provision at issue prevented "those persons related to and living with the negligent driver, from receiving financial protection under [the] insurance policy." *Wiscomb*, 97 Wn.2d at 208. In holding that the family or household exclusion provision was void as against public policy because it excluded a certain class of victims from coverage for the insured's negligent driving, the *Wiscomb* court relied on the public policy "in favor of assuring monetary protection and compensation to those persons who suffer injuries through the negligent use of public highways by others" as expressed in the Financial Responsibility Act, chapter 46.29 RCW, and the public policy of "assuring protection to the innocent victims of automobile accidents" as recognized in prior case law. 97 Wn.2d at 206-07-09 (citing *Touchette v. Nw. Mut. Ins. Co.*, 80 Wn.2d 327, 332, 494 P.2d 479 (1972)).

Contrary to Brent and Vera's argument, *Wiscomb* does not hold that an insurance exclusion is void when the condition triggering the exclusion presents no increased risk to the insurer. Rather, the *Wiscomb* court relied on the public policy against excluding coverage to a certain class of victims when it invalidated the exclusion at issue in that case. Although the *Wiscomb* court noted that "[a]n insurer is free to limit its risks by excluding coverage when the nature of its risk is altered by factors not contemplated by it in computing premiums," it did not thereby establish a public policy against exclusion provisions presenting no increased risk to the insurer. 97 Wn.2d at 209.

Even accepting for the sake of argument that insurance exclusion provisions violate public policy when the condition triggering the exclusion presents no increased risk to the insurer, here Vera's "regular use" of a vanpool five days each week clearly increased State

Farm's exposure to liability absent contemplation of that risk in setting Brent and Vera's insurance premiums. Accordingly, on this ground Brent and Vera fail to demonstrate that the exclusion provision is void as against public policy.

B.    Consumer Expectations

Next, Brent and Vera argue that the "regular use" provision is unenforceable to exclude Vera's PIP coverage because providing PIP coverage to passengers in a ride-sharing arrangement is consistent with consumer expectations. Again, we disagree. In support of their argument, Brent and Vera present "common situations in which a reasonable consumer" would expect coverage but would be denied under State Farm's interpretation of the regular use exclusion, such as car pooling to work, ride sharing to school, or commuting with a friend to church. Br. of Appellant at 6-7. This argument ignores, however, case law holding that clear and unambiguous insurance provisions must be enforced as written, *Quadrant*, 154 Wn.2d at 171, and that regular use exclusions, such as the one at issue here, are clear and unambiguous. *See, e.g.*, *Nelson*, 128 Wn. App. at 76. Additionally, Brent and Vera's argument fails because it is the frequency of use, and not the purpose of the use, that is a relevant factor in determining whether a regular use provision applies so as to preclude coverage. *Ross*, 132 Wn.2d at 520.

C.    RCW 47.04.280

Finally, Brent and Vera point to RCW 47.04.280 as the source for a public policy against excluding PIP coverage for participants in ride-sharing arrangements. Once again, we disagree. RCW 47.04.280 does not establish any public policy implicating the conduct of insurers and, instead, merely establishes the legislature's intent to promote certain transportation policy goals through the use of "*[p]ublic investments in transportation.*" (Emphasis added.)

Here, State Farm's regular use exclusion comports with RCW 48.22.090, which statute provides in relevant part:

> An insurer is not required to provide personal injury protection coverage to or on behalf of:
> . . . .
> (5) The named insured or a relative while occupying a motor vehicle owned by the named insured or furnished for the named insured's regular use, if such motor vehicle is not described on the declaration page of the policy under which a claim is made;
> (6) A relative while occupying a motor vehicle owned by the relative or furnished for the relative's regular use, if such motor vehicle is not described on the declaration page of the policy under which a claim is made.

In *Brown v. United Pacific Insurance Co.*, 42 Wn. App. 503, 506, 711 P.2d 1105 (1986), Division One of our court held that a regular use provision that excluded underinsured motorist (UIM) coverage did not violate public policy where the provision tracked the language of the UIM statute, RCW 48.22.030. In so holding, the *Brown* court reasoned:

> The sole issue here is whether the Browns are entitled to underinsured motorist coverage under David Brown's policy with United Pacific, despite an exclusion for injuries incurred "[w]hile operating, or occupying any motor vehicle owned by or available for the regular use of you or any family member which is not inusred for Liability coverage under this policy."
> . . . .
> Since the exclusion is not ambiguous, it must be enforced unless against public policy. *Progressive v. Jester*, 102 Wn.2d 78, 80, 683 P.2d 180 (1984). As the clause tracks the language of RCW 48.22.030, it can only be against public policy if the statute is as well.

42 Wn. App. at 504, 506 (internal footnote omitted). As in *Brown*, here the challenged insurance exclusion tracks statutory language providing that insurers are not required to provide coverage where the insured or insured's relative suffers an injury while occupying a vehicle furnished for the insured's or insured's relative's regular use. Accordingly, we hold that State Farm's regular

No. 45003-8-II

use exclusion is not contrary to public policy and, thus, affirm the trial court's order granting summary judgment in favor of State Farm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

JOHANSON, C.J.

MELNICK, J.